UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTONNE M. JONES                                    :

           Plaintiff,                          :        07 Civ. 3648 (HB)(KNF)

                            :

      v.                                      :

                            :        **ANSWER OF**
ROC-A-FELLA FILMS, INC., LIONS GATE FILMS, INC.,    :        **ROC-A-FELLA FILMS,**
DAMON DASH, and SHAWN CARTER              :        **INC., and DAMON DASH**

                            :

          Defendants.                         :        (Jury Trial Demanded)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Roc-A-Fella Films, Inc. ("Roc-A-Fella") and Damon Dash ("Dash") (collectively "Defendants"), by and through their attorneys, Krantz & Berman LLP, as and for its Answer to the Complaint in this action, alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except to admit that Plaintiff purports to bring this action against Defendants under the statutes and laws referred to therein.

       2.     Denies the allegations in paragraph 2 of the Complaint.

       3.     Denies the allegations in paragraph 3 of the Complaint.

       4.     Denies the allegations in paragraph 4 of the Complaint, except to admit that the motion picture entitled *State Property* was commercially and theatrically released and distributed on an international basis, and to deny knowledge or information sufficient to form a belief as to which entities are offering it for sale or renting it.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except to deny that there has been any infringement of Plaintiff's copyright and to admit that Plaintiff purports to bring this action pursuant to the statutes and laws referred to therein.

       6.     Denies the allegations in paragraph 6, except to admit that venue is proper in the Southern District of New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Admits the allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Admits the allegations of paragraph 10, except to deny knowledge or information sufficient to form a belief as to whether Dash is a "principle" of Roc-A-Fella as it is unclear what is meant by the term "principle".

11. Admits the allegations of paragraph 11, except to deny knowledge or information sufficient to form a belief as to whether Shawn Carter is a "principle" of Roc-A-Fella as it is unclear what is meant by the term "principle".

12. In response to paragraph 12 of the Complaint, repeats and realleges its responses to paragraphs 8 through 11 thereof as if fully set forth herein, except to deny that any infringement took place.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

2

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

3

33.    Defendants respectfully refer the Court to a true and correct copy of the copyright registration referred to therein for the content thereof.  Denies all other allegations set forth in Paragraph 33 of the Complaint as said allegations are unintelligible.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.    Denies the allegations in paragraph 35, except to admit that neither Roc-a-Fella nor Dash secured any license, consent or authorization from Jones, because none was necessary.

36.    Denies the allegations in paragraph 36 of the Complaint.

37.    Denies the allegations in paragraph 37 of the Complaint except to admit that *State Property 2* was granted Copyright Registration No. PAu-3-004-722, and to respectfully refer the Court to a true copy of said registration for the content thereof.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.    Admits that *State Property 2* is a sequel to *State Property*, admits that Defendants secured neither a license, nor consent, nor authorization from Jones because none was necessary and denies the remainder of the allegations set forth in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint, except admits that *State Property 2* is a sequel to *State Property*.

41.    Denies the allegations in paragraph 41 of the Complaint, except to deny knowledge or information sufficient to form a belief as to which entities are offering the released films for sale or rental.

42.    Denies the allegations in paragraph 42 of the Complaint.

43.    Denies the allegations in paragraph 43 of the Complaint.

44.    Denies the allegations in paragraph 44 of the Complaint.

45.    Denies the allegations in paragraph 45 of the Complaint.

46.    Denies the allegations in paragraph 46 of the Complaint.

47.    Denies the allegations in paragraph 47 of the Complaint, except to respectfully refer the Court to a true and correct copy of the  work entitled *The Family* for the content thereof.

4

48.    Denies the allegations in paragraph 48 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

49.    Denies the allegations in paragraph 49 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

50.    Denies the allegations in paragraph 50 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film entitled *State Property* for the content thereof.

51.    Denies the allegations in paragraph 51 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

52.    Denies the allegations in paragraph 51 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

53.    Denies the allegations in paragraph 53 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

54. Denies the allegations in paragraph 54 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

55.    Denies the allegations in paragraph 55 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

56.    Denies the allegations in paragraph 56 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

57.    Denies the allegations in paragraph 57 of the Complaint, except to respectfully refer the Court to a true and correct copy of the  work entitled *The Family* for the content thereof.

58.    Denies the allegations in paragraph 58 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

59.    Denies the allegations in paragraph 59 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

60.    Denies the allegations in paragraph 60 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

61.    Denies the allegations in paragraph 61 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

0020185/001/ 354702v01

62.     Denies the allegations in paragraph 62 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

63.     Denies the allegations in paragraph 63 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

64.     Denies the allegations in paragraph 64 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

65.     Denies the allegations in paragraph 65 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

66.     Denies the allegations in paragraph 66 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

67.     Denies the allegations in paragraph 67 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

68.     Denies the allegations in paragraph 68 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

69.     Denies the allegations in paragraph 69 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

70.     Denies the allegations in paragraph 70 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

71.     Denies the allegations in paragraph 71 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

72.     Denies the allegations in paragraph 72 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

73.     Denies the allegations in paragraph 73 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

74.     Denies the allegations in paragraph 74 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof

75.     Denies the allegations in paragraph 75 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

6

76.     Denies the allegations in paragraph 76 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

77.     Denies the allegations in paragraph 77 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

78.     Denies the allegations in paragraph 78 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

79.     Denies the allegations in paragraph 79 of the Complaint, except to respectfully refer the Court to a true and correct copy of the  work entitled *The Family* for the content thereof.

80.     Denies the allegations in paragraph 80 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

81.     Denies the allegations in paragraph 81 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

82.     Denies the allegations in paragraph 82 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

83.     Denies the allegations in paragraph 83 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

84.     Denies the allegations in paragraph 84 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

85.     Denies the allegations in paragraph 85 of the Complaint, except to respectfully refer the Court to a true and correct copy of the work entitled *The Family* for the content thereof.

86.     Denies the allegations in paragraph 86 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

87.     In response to paragraph 87 of the Complaint, repeats and realleges its responses to paragraphs 1 through 86 thereof as if fully set forth herein.

88.     Denies the allegations in paragraph 88 of the Complaint.

89.     Denies the allegations in paragraph 89 of the Complaint.

90.     Denies the allegations in paragraph 90 of the Complaint.

91.     Denies the allegations in paragraph 91 of the Complaint.

0020185/001/ 354702v01

92.     Denies the allegations in paragraph 92 of the Complaint.

93.     In response to paragraph 93 of the Complaint, repeats and realleges its responses to paragraphs 1 through 92 thereof as if fully set forth herein.

94.     Denies the allegations in paragraph 94 of the Complaint.

95.     Denies the allegations in paragraph 95 of the Complaint.

96.     Denies the allegations in paragraph 96 of the Complaint.

97.     Denies the allegations in paragraph 97 of the Complaint.

98.     Denies the allegations in paragraph 98 of the Complaint.

99.     In response to paragraph 99 of the Complaint, repeats and realleges its responses to paragraphs 1 through 98 thereof as if fully set forth herein.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    Denies the allegations in paragraph 101 of the Complaint.

102.    Denies the allegations in paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.    Denies the allegations in paragraph 104 of the Complaint.

105.    Denies the allegations in paragraph 105 of the Complaint.

106.    Denies the allegations in paragraph 106 of the Complaint.

107.    Denies the allegations in paragraph 107 of the Complaint.

108.    In response to paragraph 108 of the Complaint, repeats and realleges its responses to paragraph 1 through 107 of the Complaint as if fully set forth herein.

109.    Denies the allegations in paragraph 109 of the Complaint.

110.    Denies the allegations in paragraph 110 of the Complaint.

111.    Denies the allegations in paragraph 111 of the Complaint.

112.    Denies the allegations in paragraph 112 of the Complaint.

8

FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, and each and every part thereof, fails to state a claim upon which relief can be granted against Roc-a-Fella Films and against Dash.

SECOND AFFIRMATIVE DEFENSE

2       The third claim against Roc-a-Fella Films and against Dash, for common law misappropriation, is preempted.

THIRD AFFIRMATIVE DEFENSE

3.      The fourth claim against Roc-a-Fella Films and against Dash, for an accounting, is preempted.

FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims against Roc-a-Fella Films and against Dash are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

FIFTH AFFIRMATIVE DEFENSE

5.      Upon information and belief, *State Property* and *State Property 2* were created independently of any work allegedly created by Plaintiff.

SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims against Roc-a-Fella Films and against Dash are barred, in whole or in part, by the unclean hands doctrine.

SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff lacks standing to bring the claims alleged against Roc-a-Fella Films and Dash.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff is barred from the relief sought in the First Amended Complaint, in whole or in part, by the acts of others.

NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims against Roc-a-Fella Films and against Dash are barred, in whole or in part, by the applicable statutes of limitations.

9

0020185/001/ 354702v01

1    WHEREFORE, Defendants respectfully request that the Court:

2        (a)    Dismiss Plaintiff's Complaint with prejudice, and award judgment to Defendants.

3        (b)    Pursuant to 17 U.S.C. §505, award Defendants their reasonable costs and attorneys'

4    fees incurred in having to defend this action.

5        (c)    Award Defendants such other and further relief as the Court deems just and proper.

6
Dated:    July 6, 2007
7              New York, New York

8

9                                                              KRANTZ & BERMAN LLP

10

11

12                                                              By: _____

13                                                                   Marjorie E. Berman (MB-8993)

14                                                              747 Third Avenue
                                                                32nd Floor
15                                                              New York, New York 10017
                                                                212-661-0009
16

17                                                              Attorneys for Defendants Damon Dash
                                                                And Roc-A-Fella Films, Inc.

18

19    Of Counsel:

20    **LINER YANKELEVITZ**
      **SUNSHINE & REGENSTREIF LLP**

21    1100 Glendon Avenue, 14th Floor
      Los Angeles, California 90024-3503
22    Telephone:  (310) 500-3500
      Facsimile:  (310) 500-3501
23
      Michael L. Novicoff, Esq.
24    Edward A. Klein, Esq.
      Ryan M. Lapine, Esq.
25

26
      To:    Dunlop & Associates, PC
27             55 Washington Street
               Suite 451
28             Brooklyn, New York 11201

10

0020185/001/ 354702v01