Tom J. Ferber
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Defendant Lions Gate Films, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTONNE M. JONES                                    :
                    Plaintiff,            :
                                               :
        -against            :    ANSWER OF DEFENDANT
                                               :    LIONS GATE FILMS, INC.
ROC-A-FELLA FILMS, INC., LIONS GATE        :
FILMS, INC., DAMON DASH and                         :    07 Civ. 3648 (HB)
SHAWN CARTER                                                :
                    Defendants.        :
------------------------------------------------------------------X

      Lions Gate Films, Inc. ("Lions Gate" or "Defendant"), by and through its attorneys, Pryor Cashman LLP, as and for its Answer to the Complaint in this action, alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except to admit that Plaintiff purports to bring this action against Defendants under the statutes and laws referred to therein.

      2.    Denies the allegations in paragraph 2 of the Complaint.

      3.    Denies the allegations in paragraph 3 of the Complaint.

      4.    Denies the allegations in paragraph 4 of the Complaint, except to admit that the motion picture entitled *State Property* was commercially and theatrically released and distributed on a national and international basis, and to deny knowledge or information sufficient to form a belief as to which entities are offering it for sale or renting it.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except to deny that there has been any infringement of Plaintiffs' copyright and to admit that Plaintiff purports to bring this action pursuant to the statutes and laws referred to therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Admits the allegation in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except to admit that Lions Gate conducts business in the State of New York.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Admits the allegations in paragraph 33 of the Complaint, and respectfully refers the Court to a true copy of the copyright registration referred to therein for the content thereof.

34. Denies the allegations in paragraph 34 of the Complaint, except to admit that *State Property* was theatrically released in 61 theaters in the United States on or about January 18, 2002.

35. Denies the allegations in paragraph 35 of the Complaint, except admits that Lions Gate did not secure any license, consent or authorization from Jones, because none was necessary.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint except to admit that *State Property* was granted Copyright Registration No. PAu-3-004-722, and to respectfully refer the Court to a true copy of said registration for the content thereof.

38. Denies the allegations in paragraph 38 of the Complaint, except to admit that *State Property 2* was theatrically released in the United States on or about April 13, 2005.

39. Denies the allegations in paragraph 39 of the Complaint, except to admit that Defendants created a sequel to *State Property* entitled *State Property 2* and to admit that Lions Gate secured neither a license, consent or authorization from Jones because none was necessary.

40. Denies the allegations in paragraph 40 of the Complaint, except admits that *State Property 2* is a sequel to *State Property*.

41. Denies the allegations in paragraph 41 of the Complaint, except to deny knowledge or information sufficient to form a belief as to which entities are offering the released films for sale or rental.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

48. Denies the allegations in paragraph 48 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

49. Denies the allegations in paragraph 49 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

50. Denies the allegations in paragraph 50 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

51. Denies the allegations in paragraph 51 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

52. Denies the allegations in paragraph 52 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

53. Denies the allegations in paragraph 53 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

54. Denies the allegations in paragraph 54 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

55. Denies the allegations in paragraph 55 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

56. Denies the allegations in paragraph 56 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

57. Denies the allegations in paragraph 57 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

58.  Denies the allegations in paragraph 58 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

59.  Denies the allegations in paragraph 59 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

60.  Denies the allegations in paragraph 60 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

61.  Denies the allegations in paragraph 61 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

62.  Denies the allegations in paragraph 62 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

63.  Denies the allegations in paragraph 63 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

64.  Denies the allegations in paragraph 64 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

65.  Denies the allegations in paragraph 65 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

66.  Denies the allegations in paragraph 66 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

67. Denies the allegations in paragraph 67 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

68. Denies the allegations in paragraph 68 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

69. Denies the allegations in paragraph 69 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

70. Denies the allegations in paragraph 70 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

71. Denies the allegations in paragraph 71 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

72. Denies the allegations in paragraph 72 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

73. Denies the allegations in paragraph 73 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

74. Denies the allegations in paragraph 74 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

75. Denies the allegations in paragraph 75 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

76. Denies the allegations in paragraph 76 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

77. Denies the allegations in paragraph 77 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

78. Denies the allegations in paragraph 78 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

79. Denies the allegations in paragraph 79 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

80. Denies the allegations in paragraph 80 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

81. Denies the allegations in paragraph 81 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

82. Denies the allegations in paragraph 82 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

83. Denies the allegations in paragraph 83 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

84. Denies the allegations in paragraph 84 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

85. Denies the allegations in paragraph 85 of the Complaint, except to respectfully refer the Court to a true and correct copy of Plaintiffs' work entitled *The Family* for the content thereof.

86. Denies the allegations in paragraph 86 of the Complaint, except to respectfully refer the Court to a true and correct copy of the film *State Property* for the content thereof.

87. In response to paragraph 87 of the Complaint, repeats and realleges its responses to paragraphs 1 through 86 thereof as if fully set forth herein.

88. Denies the allegations in paragraph 88 of the Complaint.

89. Denies the allegations in paragraph 89 of the Complaint.

90. Denies the allegations in paragraph 90 of the Complaint.

91. Denies the allegations in paragraph 91 of the Complaint.

92. Denies the allegations in paragraph 92 of the Complaint.

93. In response to paragraph 93 of the Complaint, repeats and realleges its responses to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Denies the allegations in paragraph 94 of the Complaint.

95. Denies the allegations in paragraph 95 of the Complaint.

96. Denies the allegations in paragraph 96 of the Complaint.

97. Denies the allegations in paragraph 97 of the Complaint.

98. Denies the allegations in paragraph 98 of the Complaint.

99. In response to paragraph 99 of the Complaint, repeats and realleges its responses to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101. Denies the allegations in paragraph 101 of the Complaint.

102. Denies the allegations in paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, except to deny that *State Property* copies copyrightable expression from *The Family*.

105. Denies the allegations in paragraph 105 of the Complaint.

106. Denies the allegations in paragraph 106 of the Complaint.

107. Denies the allegations in paragraph 107 of the Complaint.

108. In response to paragraph 108 of the Complaint, repeats and realleges its responses to paragraph 1 through 107 of the Complaint as if fully set forth herein.

109. Denies the allegations in paragraph 109 of the Complaint.

110. Denies the allegations in paragraph 110 of the Complaint.

111. Denies the allegations in paragraph 111 of the Complaint.

112. Denies the allegations in paragraph 112 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

113. The Complaint, and each and every part thereof, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

114. The fourth claim, for an accounting, is preempted.

## THIRD AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

116. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

117. Upon information and belief, *State Property* and *State Property 2* were created independently of any work allegedly created by Plaintiff.

WHEREFORE, Defendant Lions Gate respectfully requests that the Court:

(a) Dismiss Plaintiff's Complaint with prejudice, and award judgment to Defendant.

(b) Award Defendant its reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 17 U.S.C. § 505.

(c) Award Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2007

                      PRYOR CASHMAN LLP

By: _____
     Tom J. Ferber
     Mark A. Tamoshunas
     410 Park Avenue
     New York, NY  10022
     (212) 421-4100

     Attorneys for Defendant Lions Gate Films, Inc.

521236                          13