UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTONNE M. JONES,                              :

             Plaintiff,                    :         ORDER

          -against-                      :         07 Civ. 3648 (KNF)

ROC-A FELLA FILMS, INC., et al.,               :

             Defendants.                   :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

     A pretrial conference was held with counsel to the respective parties on August 20, 2007. As a result of the discussion had during the conference, IT IS HEREBY ORDERED that:

1.     all discovery, of whatever nature, shall be initiated so as to be completed on or before February 20, 2008;

2.     a telephonic status conference will be held with the parties on January 22, 2008, at 10:30 a.m. Counsel to the plaintiff shall initiate the telephonic conference on that date;

3.     a settlement conference will be held by the Honorable Henry B. Pitman, on February 21, 2008, at 2:00 p.m., in Courtroom 18A. The procedures under which Judge Pitman will conduct the settlement conference are being provided to the parties with a copy of this order;

4.     on or before March 27, 2008, any dispositive motion shall be served and filed;

5.     on or before April 24, 2008, any response to a dispositive motion shall be served and filed; and

6.    on or before May 8, 2008, any reply to a dispositive motion shall be served and filed. If no dispositive motion is made, the parties shall submit their joint pretrial order to the Court on or before March 27, 2008. The parties' joint pretrial order must conform to the requirements for such an order that are set forth in the Court's Individual Rules of Practice.

Dated: New York, New York
       August 21, 2007

SO ORDERED:

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman

1.  All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2.  I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3.  No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, no longer than five pages, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4.  At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a brief presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5.   Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6.   The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.   If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.   Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.   Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10.  If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

7/96