LAW OFFICES OF

# AMBROSE WOTORSON

A PROFESSIONAL CORPORATION
SUITE 1811
26 COURT STREET
BROOKLYN, N.Y. 11242
TELEPHONE: 718 797-4861
FACSIMILE: 718 797-4863

February 8, 2008

**VIA ECF**
Honorable Judge Fox, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:    <u>Antonne M. Jones v. Roc-A-Fella Films, Inc., et. al.</u>
                       Docket No.: 07-Cv-3648 (KNF)

Dear Honorable Magistrate Judge Fox:

      We write to respectfully request a ninety (90) day extension of the discovery deadline in this matter. This request is necessitated by actions on the part of defendants that can only be described as dilatory. A summary review of defendants' behavior is as follows:

      On or about October 3, 2007, plaintiff served his first set of interrogatories and first request for the production of documents on counsel for Lions Gate Films, Inc. and counsel for Shawn Carter. Plaintiff did not serve discovery demands on Damon Dash or Roc-A-Fella Films, Inc., because counsel for those parties were scheduled to appear before this Honorable Court on October 5, 2007 to be relieved as counsel. That application was granted as a result of Damon Dash's and Roc-A-Fella Films, Inc.'s default.

      On October 16, 2007, plaintiff reminded defendant Shawn Carter, that plaintiff had not yet received his initial disclosures pursuant to FRCP Rule 26. At that time, defendant Carter promised to get them to plaintiff by the end of the week. (Exhibit "1").

      On November 9, 2007, plaintiff received Lions Gate Films, Inc.'s Objections and Responses to Plaintiff's First Request for the Production of Documents and First Set of Interrogatories, but no documents were supplied at that time. (Exhibit "2").

      On or about November 9, 2007, plaintiff served his first set of interrogatories and first request for production of documents on defendants Damon Dash and Roc-A-Fella Films, Inc., acting *pro se*, as a result of this Court's order dated November 1, 2007.

      On November 14, 2007, defendant, Lions Gate Films, Inc, finally supplied to plaintiff a partially executed Stipulation and Protective Order for the release of documents in this matter. Plaintiff had previously executed and returned this agreement to defendant Lions Gate Films, Inc. on October 19, 2007. (Exhibit "3").

      On December 3, 2007, plaintiff requested "substantive responses" to the outstanding discovery demands which were served on defendant Carter and which had been due a month earlier. As well, plaintiff asked about the executed protective order that defendant claimed that he would be "turning to" shortly. (Exhibit "4").

On December 6, 2007, defendant Carter told plaintiff that he "expect[ed] to have some stuff for [plaintiff] tomorrow." (Exhibit "5").

On December 7, 2007, defendant Carter told plaintiff that he needed to "eyeball the protective order again" and that he would sign it and send the relevant documents very soon, as the documents were "on [counsel's] desk." (Exhibit "6").

Plaintiff immediately responded that he had been told, on one hand, by adversary counsel's staff that the documents were going out that day via Federal Express, while on the other hand, adversary counsel had stated that he was *still reviewing* the protective order. Plaintiff then observed that defendants appeared to be using the Protective Order as a pretext for stalling on the production of documents. Plaintiff advised *all* defendants that if he did not receive documents from defendants by December 14, 2007, he would be forced to file a Rule 37 Motion. (Exhibit "6").

Thereafter, as a reflection of the lax attitude that defendants adopted in discovery, defendant Carter later told plaintiff to, ***"chill... I'm just being careful. You'll get your documents."*** (Exhibit "6").

On December 10, 2007, Lions Gate Films, Inc. wrote to plaintiff and stated that it would finally produce discovery documents by December 17, 2007, although the documents were initially due on or about November 3, 2007. (Exhibit "7").

Further, on or about January 8, 2008, the undersigned sent a Notice of Appearance via mail to all parties. Yet, on or about January 16, 2008, the undersigned's mail to *pro se* defendant, Damon Dash, was returned as "Not Deliverable." (Exhibit "8").

Plaintiff has also attempted to contact *pro se* defendant Dash via telephone and mail to notice his deposition. Yet, this correspondence to *pro se* defendant Dash was also returned as undeliverable. When plaintiff attempted to get Dash's last known address, Lions Gate Films' attorney, Tamoshunas, told plaintiff that he "was not comfortable" disclosing Dash's new contact information.[1] Separately, defendant Carter claimed that he did not have contact information for *pro se* defendant Damon Dash or Roc-A-Fella Films, Inc. It was only on January 22, 2008, that *pro se* defendant Dash finally disclosed his new office address and his telephone numbers so that he could participate in a conference call scheduled for February 11, 2008[2]. (Exhibit "9").

In sum, plaintiff has not been able to take or to complete depositions of the defendants because (1) Lions Gate Films, Inc., did not supply any discovery material until December 18, 2007 and January 1, 2008, seven (7) and (9) weeks late, respectively; (2) Defendant Carter did not supply any discovery material until December 10, 2007, a month late; (3) Defendants Damon Dash and Roc-A-Fella Films failed to supply *any* discovery materials[3]; and (4) *Pro se* defendant Dash failed to supply *any* discovery material[4].

Plaintiff has been prejudiced by defendants' behavior, especially in light of the fact that he allowed himself to be deposed on December 20, 2007.

---

[1] This is particularly troubling in light of the fact the defendants claim to have a joint-defense. (Exhibit "2," at Page 9, Defendant LGF's Response to Request No. 14).

[2] Yet, at a deposition of plaintiff on December 20, 2007, Dash disclosed in off-the-record discussions with one of plaintiff's counsels, that he had received *all* correspondence in the matter, including a notice of his own deposition.

[3] Plaintiff is filing a Rule 37 Motion against Roc-A-Fella Films, Inc. However, Roc-A-Fella Films, Inc. is still without counsel.

[4] Plaintiff is filing a Rule 37 Motion against *pro se* defendant Dash.

     A ninety (90) day extension of the discovery deadline will clearly affect this Court's scheduling order. We therefore propose a revised scheduling order to reflect the new dates as follows: 1) All discovery of whatever nature shall be completed by May 20, 2008; 2) Any dispositive motion shall be served and filed no later than June 27, 2008; 3) Any response to a dispositive motion shall be served and filed no later than July 24, 2008; 4) Any reply to a dispositive motion shall be served and filed no later than August 8, 2008; and 5) If no dispositive motions are made, the parties shall submit their joint pre-trial order to the Court on November 21, 2008.

     Not surprisingly, none of the defendants have consented to this application and they continue to tarry. However, we urge this Honorable Court to grant the instant application so that discovery may proceed, at a faster pace.

Dated: Brooklyn, New York
       February 8, 2008

                      Respectfully Submitted,
                      LAW OFFICES OF AMBROSE W. WOTORSON

                      By:       /s/

                      Ambrose W. Wotorson (AWW-2412)
                      26 Court Street, Suite 1811
                      Brooklyn, New York 11242
                      (718) 797-4861 Telephone

                      DUNLOP & ASSOCIATES, PC

                      By:       /s/
                      Victor A. Dunlop (VAD-8571)
                      55 Washington Street, Suite 451
                      Brooklyn, New York 11201
                      (718) 403-9261 Telephone