# Exhibit 1

**From:** Victor A. Dunlop <moreno@sundree.tv>
    **To:** loaww1650@aol.com <loaww1650@aol.com>; Ambrose Wotorson <Wotor1@aol.com>
**Subject:** FW: Jones v. Roc-A-Fella Films, Inc. et al
  **Date:** Mon, 4 Feb 2008 4:20 pm

Below please see the first of many delays in receiving discovery responses
...
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be guaranteed.

------ Forwarded Message
From: Stuart Riback <SRiback@sillerwilk.com>
Date: Tue, 16 Oct 2007 14:54:45 -0400
To: "Victor A. Dunlop" <moreno@sundree.tv>
Conversation: Jones v. Roc-A-Fella Films, Inc. et al
Subject: RE: Jones v. Roc-A-Fella Films, Inc. et al

We'll have them to you in all likelihood by the end of the week.


-----Original Message-----
From: Victor A. Dunlop [mailto:moreno@sundree.tv]
Sent: Tuesday, October 16, 2007 1:47 PM
To: Stuart Riback
Subject: Jones v. Roc-A-Fella Films, Inc. et al

Dear Stuart:

We have yet to receive your client's initial disclosures.  As I am sure
this is a slight oversight, please advise us when we can expect to
receive them.

Thanks,
Victor
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is
intended only for the use of the person(s) to whom it is addressed. If
you are not the addressee, copying, disclosure or other use of this
message and its contents are prohibited by applicable law. If you have
received the message in error, please advise us by reply e-mail to
moreno@sundree.tv and delete the message. Because Internet e-mail and
attachments can be altered electronically, the integrity of this

communication cannot be guaranteed.


------ End of Forwarded Message

# Exhibit 2

Tom J. Ferber
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Defendant Lions Gate Films, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ANTONNE M. JONES,                   :

                               Plaintiff,     :        07 Civ. 3648 (KNF)

     -against                  :

                                         :

ROC-A-FELLA FILMS, INC., LIONS GATE   :
FILMS, INC., DAMON DASH and         :
SHAWN CARTER,                   :

                                       :

                       Defendants.   :

-------------------------------------------------------------------X

### DEFENDANT LIONS GATE FILMS, INC.'S
### OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Lions

Gate Films, Inc.'s ("Lions Gate" or "Defendant"), by its attorneys Pryor Cashman LLP, herein

responds to Plaintiff's First Request for Production of Documents (the "Requests") as follows:

### GENERAL OBJECTIONS

In addition to the Specific Objections separately set forth below, Defendant makes the

following General Objections to the Requests:

A.      Defendant objects to the Requests to the extent that they seek impermissibly to

expand the scope of discovery or impose obligations beyond those permitted by the Federal

Rules of Civil Procedure ("FRCP"), this Court's Local Civil Rules and relevant case law.

555336

B.    Defendant objects to Plaintiff's Instructions and Definitions to the Requests to the extent that they are overbroad and unduly burdensome.

C.    Defendant objects to the Requests to the extent that they seek production of documents that are not relevant to any claim or defense in this action.

D.    Defendant objects to the Requests to the extent they seek documents or information that are protected by the attorney-client privilege or constitute attorney work product or were prepared in anticipation of litigation or for trial or are otherwise protected from disclosure from any other privilege or immunity such as a joint defense agreement.  To the extent that Defendant produces any documents in response to the Requests, said production will consist only of non-privileged and non-protected documents.

E.    Defendant objects to the Requests to the extent they seek documents containing confidential or proprietary business information in the absence of a suitable protective order.

F.    Defendant objects to the Requests to the extent that they may be construed to seek the production of documents in the possession, custody or control of individuals or entities other than Defendant, and to the extent they may be construed to require any search for documents beyond one that is limited to the appropriate subject matter files pertinent to the Requests and to the personal files of Defendant or its employees, agents or representatives known or reasonably believed to have personal involvement in, or knowledge of, the subjects included within the Requests.

G.    By not objecting to any particular Request, Defendant does not concede, imply or admit that any documents responsive to such Request exist.

H.    Defendant submits these responses without conceding the relevance or materiality of the subject matter of any document or document requested by the Requests.  By producing

2

any documents or by providing a response to any particular Request, Defendant does not concede that such document(s) are admissible or relevant. Defendant reserves the right to object to the admissibility of any and all documents that it produces.

I.      By responding to any particular Request, Defendant does not acknowledge or concede that the facts set forth in, or the predicate underlying, such Request are accurate or truthful in any respect.

J.      Inadvertent production of any document, which is confidential or which contains confidential or proprietary information or is privileged, or was prepared in anticipation of litigation or for trial, shall not constitute a waiver of any privilege or of any other ground for objection to discovery with respect to such document, the information contained herein, or the subject matter thereof, or of Defendant's rights to object to the use of such document or the information contained therein during the trial of this matter.

K.      Defendant reserves the right to modify and supplement its responses and objections to the Requests.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

Subject to the above General Objections, which apply to each Request as if set forth fully below, Defendant makes the specific responses and objections set forth below.

<u>**REQUEST NO. 1**</u>

All documents relating to any and all correspondence between LGF on the one hand and RAF, Dash, Carter and/or Rotholz on the other hand in connection with State Property and State Property 2.

3

## RESPONSE NO. 1

In addition to the foregoing General Objections, Defendant objects to this request on the ground that it is overly broad to the extent that it seeks irrelevant documents. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to this request after the entry of an appropriate protective order in this case.

## REQUEST NO. 2

A copy of each and every written contract between LGF on the one hand and RAF, Dash, Carter and/or Rotholz on the other hand in connection with State Property and State Property 2.

## RESPONSE NO. 2

In addition to the foregoing General Objections, Defendant objects to this request on the ground that it is overly broad to the extent that it seeks irrelevant documents. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to this request after the entry of an appropriate protective order in this case.

## REQUEST NO. 3

All advertising and promotional materials used by LGF in connection with State Property and State Property 2.

## RESPONSE NO. 3

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant documents.

## REQUEST NO. 4

All documents concerning each and every occasion and the date(s) thereof on which State Property and/or State Property 2 were shown in movie theatres throughout the World.

**RESPONSE NO. 4**

      In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks irrelevant documents to the extent that this request seeks documents "concerning" each and every occasion State Property and State Property 2 were shown and seeks documents detailing such showings outside the United States.  Subject to and without waiver of the foregoing objections, Defendant will produce summaries detailing the dates State Property and State Property 2 were shown in the Unites States, to the extent that such documents exist, after the entry of an appropriate protective order in this case.

**REQUEST NO. 5**

All documents concerning any and all correspondence between LGF and/or LGHE and RAF, Dash, Carter, and/or Rotholz for any digital video-disc ("DVD") distribution of State Property and/or State Property 2 throughout the World.

**RESPONSE NO. 5**

      In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks irrelevant documents to the extent that this request seeks documents "concerning any and all correspondence" and seeks documents relating to DVD distribution outside the United States. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to this request which relate to DVD distribution within the United States after the entry of an appropriate protective order in this case.

**REQUEST NO. 6**

A copy of each and every written contract and/or agreement between LGF and/or LGHE on the one hand and RAF, Dash, Carter and/or Rotholz on the other hand for any DVD distribution of State Property and/or State Property 2 throughout the World.

**RESPONSE NO. 6**

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant documents to the extent that this request seeks documents relating to DVD distribution outside the United States. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to this request which relate to DVD distribution within the United States after the entry of an appropriate protective order in this case.

**REQUEST NO. 7**

All documents concerning LGF's ownership in the copyrights to State Property and/or State Property 2.

**RESPONSE NO. 7**

Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to this request.

**REQUEST NO. 8**

All documents concerning LGF's communications with the United States Copyright Office in connection with State Property and/or State Property 2.

**RESPONSE NO. 8**

Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to this request.

6

**REQUEST NO. 9**

All documents concerning Anderson and/or Abbott and any communication LGF had with either concerning State Property and/or State Property 2.

**RESPONSE NO. 9**

In addition to the foregoing General Objections, Defendant objects to this request on the ground that it is unduly vague to the extent that it seeks documents "concerning" Anderson and/or Abbott. Subject to and without waiver of the foregoing objections, Defendant will produce any agreements and correspondence with Anderson and/or Abbott responsive to this request after the entry of an appropriate protective order.

**REQUEST NO. 10**

All documents relating to the distribution of State Property and/or State Property 2 in DVD format.

**RESPONSE NO. 10**

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant documents to the extent that this request seeks documents relating to DVD distribution outside the United States. Subject to and without waiver of the foregoing objections, Defendant will produce producer's statements reflecting financial performance within the United States after the entry of an appropriate protective order in this case.

**REQUEST NO. 11**

All documents relating to payments received by LGF for the distribution, sale and/or rental of State Property and/or State Property 2 throughout the World.

7

## RESPONSE NO. 11

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant documents to the extent that this request seeks documents relating to payment for DVD distribution outside the United States. Subject to and without waiver of the foregoing objections, Defendant will produce producer's statements reflecting financial performance of DVD sales and/or rentals within the United States after the entry of an appropriate protective order in this case.

## REQUEST NO. 12

All documents relating to payments made by LGF to RAF, Dash, Carter and/or Rotholz including without limitation, all advances and royalties, in connection with State Property and/or State Property 2.

## RESPONSE NO. 12

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks irrelevant documents to the extent that this request seeks "all documents relating to payments" made by Lions Gate. Subject to and without waiver of the foregoing objections, Defendant will produce documents sufficient to demonstrate all payments made to RAF, Dash Carter and/or Rotholz in connection with State Property and/or State Property 2 after the entry of an appropriate protective order in this case.

## REQUEST NO. 13

All documents relating to payments made by third parties to LGF concerning State Property and/or State Property 2.

**RESPONSE NO. 13**

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant documents to the extent that this request seeks "all documents relating to payments made by third parties." Subject to and without waiver of the foregoing objections, Defendant will produce summaries demonstrating the payments made by third parties after the entry of an appropriate protective order in this case.

**REQUEST NO. 14**

All documents concerning any written communication amongst Defendants (including non-parties Anderson and/or Abbott) with respect to the subject matter of the Complaint.

**RESPONSE NO. 14**

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is unduly vague to the extent it seeks communications "with respect to the subject matter of the Complaint." Defendant further objects to this request to the extent that it seeks communications between Lions Gate and/or Defendants Dash, RAF or Carter after Lions Gate agreed to be governed by a joint defense agreement with those parties. Subject to and without waiver of the foregoing objections, Defendant will produce all non-privileged or protected documents responsive to this request.

**REQUEST NO. 15**

All documents memorializing any meetings and/or telephone conversation amongst Defendants (including non-parties Anderson and Abbott) concerning the subject matter of the Complaint.

**RESPONSE NO. 15**

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is unduly vague to the extent it seeks documents memorializing any meetings and/or telephone conversations "concerning the subject matter of the Complaint." Defendant further objects to this request to the extent that it seeks communications between Lions Gate and/or Defendants Dash, RAF or Carter after Lions Gate agreed to be governed by a joint defense agreement with those parties. Subject to and without waiver of the foregoing objections, Defendant will produce all non-privileged or protected documents responsive to this request.

**REQUEST NO. 16**

All documents used or consulted in preparing the answers to Plaintiff's First Set of Interrogatories.

**RESPONSE NO. 16**

Subject to and without waiver of the foregoing objections, Defendant will produce all non-privileged or protected documents responsive to this request.

**REQUEST NO. 17**

To the extent not covered by these Requests, all other documents concerning State Property and State Property 2 or any other issues raised instant action.

**RESPONSE NO. 17**

In addition to the foregoing General Objections, Defendant objects to this request on the grounds that it is unduly burdensome, seeks irrelevant documents and is unduly vague to the extent it seeks documents "concerning State Property and State Property 2 or any other issues raised [sic] instant action." Defendant further objects to this request to the extent that it is duplicative of other requests.

10

Dated:  New York, New York
       November 9, 2007

PRYOR CASHMAN LLP

By:

Tom J. Ferber
Mark A. Tamoshunas
410 Park Avenue
New York, New York  10022
(212) 421-4100

*Attorneys for Defendant Lions Gate Films, Inc.*

To:    Victor A. Dunlop
       Dunlop & Associates, P.C.
       55 Washington Street, Suite 451
       Brooklyn, New York  11201
       *Attorneys for Plaintiff Antonne M. Jones*

11

Tom J. Ferber
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Defendant Lions Gate Films, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | | |
|---|---|---|
| ANTONNE M. JONES, | : | |
| Plaintiff, | : | 07 Civ. 3648 (KNF) |
| -against | : | |
| | : | |
| ROC-A-FELLA FILMS, INC., LIONS GATE | : | |
| FILMS, INC., DAMON DASH and | : | |
| SHAWN CARTER, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------X

## DEFENDANT LIONS GATE FILMS, INC.'S
## OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Lions Gate Films, Inc.'s ("Lions Gate" or "Defendant"), by its attorneys Pryor

Cashman LLP, herein responds to Plaintiff's First Set of Interrogatories (the "Interrogatories") as

follows:

### GENERAL OBJECTIONS

In addition to the specific objections separately set forth below, Defendant makes the

following General Objections to the Interrogatories:

A.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek

impermissibly to expand the scope of discovery or impose obligations beyond those permitted by

the Federal Rules of Civil Procedure ("FRCP"), this Court's Local Rules and Practices and other

relevant authorities.

555109

B.     Defendant objects to Plaintiff's Instructions and Definitions to the Interrogatories to the extent that the Definitions and Instructions are overly broad and unduly burdensome.

C.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek information that is not relevant to any claim or defense in this action.

D.     Defendant objects to Plaintiff's Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery, including information shared pursuant to a joint defense agreement. Such information will not be provided.

E.     By providing a response to any particular Interrogatory, Defendant does not concede that such response(s) are admissible or relevant, and Defendant reserves the right to object to the admissibility of any and all information that it produces.

F.     By responding to any particular Interrogatory, Defendant does not acknowledge or concede that the facts set forth in, or the predicate underlying, such Interrogatory is accurate or truthful in any respect.

G.     In responding to any particular Interrogatory, Defendant is referring to "State Property" as the film with that title, but is not including the film "State Property 2" in that reference.

H.     Defendant reserves the right to modify and supplement its responses and objections to Plaintiff's Interrogatories.

Subject to these General Objections, Defendant's specific objections and responses are set forth below.

2

**INTERROGATORY NO. 1**

Identify each person with knowledge or information concerning any agreements, whether oral or written, between Defendants in connection with or concerning State Property.

**RESPONSE NO. 1**

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and unduly vague to the extent that it seeks every individual with knowledge concerning unspecified "agreements" between Lions Gate and any of the other Defendants. Subject to and without waiver of the foregoing objections, Defendant states that Michael Paseornek, Laurie May and Wayne Levin are the individuals at Lions Gate with the most knowledge on the agreements between Defendants concerning State Property.

**INTERROGATORY NO. 2**

Identify each person employed by or acting on behalf of LGF in connection with any agreements, whether oral or written, between Defendants Damon Dash, Roc-A-Fella Films, Inc., Shawn Carter and/or non-party RCB Entertainment, Inc. on the one hand and LGF on the other hand.

**RESPONSE NO. 2**

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks information irrelevant to this action to the extent that it seeks every individual with knowledge concerning unspecified "agreements" between Lions Gate and any of the other Defendants. Subject to and

3

without waiver of the foregoing objections, Defendant states that Michael Paseornek, Laurie

May and Wayne Levin are the individuals at Lions Gate with the most knowledge on the

production of State Property.


**INTERROGATORY NO. 3**

Identify the officers, executives or employees of LGF involved in the decision to contract with
Defendants Damon Dash, Shawn Carter and/or Roc-A-Fella Films, Inc. to distribute State
Property.

**RESPONSE NO. 3**

     In addition to the foregoing General Objections, Defendant objects to this interrogatory

on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks information

irrelevant to this action to the extent that it seeks every individual involved in the decision to

distribute State Property. Subject to and without waiver of the foregoing objections, Defendant

states that, while various high level executives are involved at Lions Gate in the determination to

distribute State Property, Michael Paseornek, Laurie May and Wayne Levin are the individuals

at Lions Gate with the most knowledge as to the agreements to distribute State Property.


**INTERROGATORY NO. 4**

Identify each person with knowledge or information concerning each and every occasion and the
date(s) thereof on which LGF conferred with, met with or worked with Defendants Damon Dash,
Shawn Carter and/or Roc-A-Fella Films, Inc. with respect to the subject matter of the Complaint.

**RESPONSE NO. 4**

     In addition to the foregoing General Objections, Defendant objects to this interrogatory

on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks information

irrelevant to this action to the extent it seeks every individual at Lions Gate with knowledge of

met or worked with Defendants "with respect to the subject matter of the Complaint" and seeks the specific dates for each such occasion. Subject to and without waiver of the foregoing objections, Defendant states that Michael Paseornek is the individual at Lions Gate with the most knowledge of meetings between Lions Gate and any of the other Defendants relating to State Property.

### INTERROGATORY NO. 5

Identify each person with knowledge or information concerning any communications, whether oral or written, between LGF and Defendants Damon Dash and/or Roc-A-Fella Films, Inc. with respect to the subject matter of the Complaint.

### RESPONSE NO. 5

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and seeks information irrelevant to this action to the extent it seeks every individual at Lions Gate with knowledge or information concerning any communications between Lions Gate and Defendants "with respect to the subject matter of the Complaint." Subject to and without waiver of the foregoing objections, Defendant states that Michael Paseornek is the individual at Lions Gate with the most knowledge of communications between Lions Gate and any of the other Defendants relating to State Property.

### INTERROGATORY NO. 6

Identify each person employed by or acting on behalf of LGF that is most knowledgeable about Plaintiff's Copyrights in and to The Family.

**RESPONSE NO. 6**

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the ground that it seeks information irrelevant to this action to the extent that it seeks individuals that are aware of Plaintiff's claimed copyrights in The Family solely as a result of this action. Subject to and without waiver of the foregoing objections, Defendant states that there are no individuals at Lions Gate with knowledge of Plaintiff's claimed copyrights in The Family.

**INTERROGATORY NO. 7**

Identify each person employed by or acting on behalf of LGF that is most knowledgeable about The Family.

**RESPONSE NO. 7**

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the ground that it seeks information irrelevant to this action to the extent that it seeks individuals that are aware of The Family solely as a result of this action. Subject to and without waiver of the foregoing objections, Defendant states that there are no individuals at Lions Gate knowledgeable about The Family.

**INTERROGATORY NO. 8**

Identify each person with knowledge or information concerning any meetings and/or telephone conversations between LGF and Defendants (inclusive of non-parties Anderson and/or Abbot) with respect to the subject matter of the Complaint.

**RESPONSE NO. 8**

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague, duplicative of

Interrogatory No. 5 and seeks information irrelevant to this action to the extent it seeks every

individual at Lions Gate with knowledge or information concerning any communications

between Lions Gate and Defendants "with respect to the subject matter of the Complaint."

Subject to and without waiver of the foregoing objections, Defendant states that Michael

Paseornek is the individual at Lions Gate with the most knowledge of communications between

Lions Gate and any of the Defendants as well as non-parties Anderson and/or Abbot, to the

extent that there were any such communications, relating to the creation of State Property.

## INTERROGATORY NO. 9

Identify each person with knowledge or information concerning any insurance claim for
coverage tendered by Defendants with respect to the subject matter in the Complaint.

## RESPONSE NO. 9

In addition to the foregoing General Objections, Defendant objects to this request to the

extent that it seeks information regarding insurance claims which may have been made by other

Defendants in this action. Subject to and without waiver of the foregoing objections, Defendant

states that James Gladstone is the individual at Lions Gate with the most knowledge concerning

any insurance claim for coverage tendered by Lions Gate with respect to the claims asserted in

the Complaint.

## INTERROGATORY NO. 10

Identify each person who has furnished information or otherwise assisted in the preparation of an
answer to one or more of these interrogatories and identify each specific answer or answers for
which each such person provided information or other assistance.

7

**RESPONSE NO. 10**

Subject to and without waiver of the foregoing General Objections, Defendant states that

James Gladstone has assisted in the preparation of each of each of the answers to Plaintiff's

Interrogatories with the assistance of Lions Gate's counsel, Pryor Cashman.

**INTERROGATORY NO. 11**

Identify each person with knowledge of each document that Defendants intend to introduce into

evidence in this proceeding, and each and every document upon which Defendants have relied in

responding to the foregoing Interrogatories.

**RESPONSE NO. 11**

In addition to the foregoing General Objections, Defendant objects to this interrogatory

on the grounds that it is beyond the scope of FRCP 26 and Civil Local Rule 33.3 and is also

premature. Subject to and without waiver of the foregoing objections, Defendant states that it

will produce any documents upon which it relied in responding to the foregoing interrogatories.

**INTERROGATORY NO. 12**

Identify each person assisting in the preparation of the response to Plaintiff's First Request for

Production of Documents, and with respect thereto, set forth the following:

    (a)    Full name and address:

    (b)    Employer and employment position; and

    (c)    Date and location where she/he supplied the information responding to the
           document request.

**RESPONSE NO. 12**

In addition to the foregoing General Objections, Defendant objects to this interrogatory on the grounds that it is beyond the scope of FRCP 26 and Civil Local Rule 33.3. Subject to and without waiver of the foregoing objections, Defendant states that James Gladstone, Executive Vice President, Business and Legal Affairs, at Lions Gate assisted in the response to Plaintiff's First Request for the Production of Documents.

Dated: New York, New York
November 9, 2007

PRYOR CASHMAN LLP

By:_____
Tom J. Ferber
Mark A. Tamoshunas
410 Park Avenue
New York, New York 10022
(212) 421-4100

*Attorneys for Defendant Lions Gate Films, Inc.*

To:    Victor A. Dunlop
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
*Attorneys for Plaintiff Antonne M. Jones*

Tom J. Ferber
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue, 10th Floor
New York, New York 10022
(212) 421-4100

Attorneys for Defendant Lions Gate Films, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNTONE M. JONES
                              Plaintiff,                 :
            v.                                                          07 Civ. 3648 (KNF)
                                                         :
ROC-A-FELLA FILMS, INC., LIONS GATE               :
FILMS, INC., DAMON DASH and
SHAWN CARTER                                             :
                              Defendants.        :
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    I, Mark A. Tamoshunas, an associate at Pryor Cashman LLP and a member of the bar of
the Southern District of New York, do hereby certify that on the 9th day of November 2007, I
caused to be served a true copy of Defendant Lion Gate Films, Inc.'s Objections and Responses
to Plaintiff's First Request For Production of Documents and Objections and Responses to
Plaintiff's first set of Interrogatories by First class mail delivery upon:

                    Victor A. Dunlop
                    Dunlop & Associates, P.C.
                    55 Washington Street, 451
                    Brooklyn, New York 11201
                    Attorneys for Plaintiff

                    Damon Dash
                    Dash Enterprises I, LLC
                    25 W. 39th St., 14th Floor
                    New York, NY 10018

531010

Stuart M. Riback
Siller Wilk LLP
675 Third Avenue
New York, New York 10017
Attorneys for Defendant Shawn Carter

Dated: New York, New York
     November 9, 2007

Mark A. Tamoshunas

# Exhibit 3

**From:** Victor A. Dunlop <moreno@sundree.tv>
**To:** loaww1650@aol.com <loaww1650@aol.com>; Ambrose Wotorson <Wotor1@aol.com>
**Subject:** FW: Jones v. Lion's Gate Films et al
**Date:** Mon, 4 Feb 2008 4:01 pm
**Attachments:** Accuroute.PDF (190K), Accuroute.PDF (532K)

Attached is the protective order that was circulated by Pryor Cashman in
last August ... As a direct result of Dash firing his attorneys in mid
September, the signing of the order was delayed until its execution on
November 16 - Also the discovery responses were due on or about November 3rd
and they did not include any documents - I received the first set of
documents from Pryor Cashman on or about December 18th and the final set in
the first week of January 2008 ...
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be guaranteed.

------ Forwarded Message
From: "Tamoshunas, Mark A." <MTamoshunas@PRYORCASHMAN.com>
Date: Fri, 16 Nov 2007 19:33:22 -0500
To: "Victor A. Dunlop" <moreno@sundree.tv>
Cc: "Ferber, Tom J." <TFerber@PRYORCASHMAN.com>, <sriback@sillerwilk.com>
Conversation: Jones v. Lion's Gate Films et al
Subject: Jones v. Lion's Gate Films et al


Victor-
 As you requested, attached please find the executed Protective
Order.  Also attached please find a courtesy copy of the discovery
responses we had mailed last Friday.
Very truly yours,
Mark

Mark A. Tamoshunas
Pryor Cashman LLP
410 Park Avenue
New York, New York 10022
Tel  (212) 326-0438
Fax (212) 798-6932
_____

This message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for
the addressee), you may not use, copy or disclose to anyone the message
or any information contained in the message. If you have received the
message in error, please advise the sender by reply email to
mtamoshunas@pryorcashman.com, and delete the message. Thank you very
much.


-----Original Message-----

From: Victor A. Dunlop [mailto:moreno@sundree.tv]
Sent: Tuesday, November 13, 2007 7:51 PM
To: Tamoshunas, Mark A.; Stuart Riback
Subject: Jones v. Lion's Gate Films et al


Dear Mark:

Please see the attached.

Regards,
Victor Dunlop
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be
guaranteed.




This message is intended only for the use of the addressee
and may contain information that is privileged and confidential
by law.  If you are not the intended recipient, you are hereby
notified that any review, use, dissemination, or copying of this
communication is strictly prohibited.  If you have received this
communication in error, please forward the email back and delete
all copies of the message and attachments.

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the Internal
Revenue Service, we inform you that any U.S. tax advice contained
in this communication (including attachments) is not intended
or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or
applicable provisions of state and local tax law or (ii) promoting,
marketing, or recommending to another party any transaction or
matter addressed herein.


------ End of Forwarded Message

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANTONNE M. JONES,                       :

                Plaintiff,                   07 Civ. 3648 (KNF)

                            :

        v.                             :

ROC-A-FELLA FILMS, INC., LIONS GATE          **STIPULATION AND**
FILMS, INC., DAMON DASH and              :   **PROTECTIVE ORDER**
SHAWN CARTER,
                            :

                Defendants.
-------------------------------------------------------X

All the parties to this action having stipulated to the following provisions and having

requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the

confidentiality of non-public and competitively-sensitive information that may need to be

disclosed to adversary parties in connection with discovery in this case, and the parties having

consented to the form of this Order, and the Court having found that good cause exists for

issuance of an appropriately tailored confidentiality order governing the pretrial phase of this

action, it is hereby

ORDERED that any person subject to this Order -- including without limitation the

parties to this action, their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Order -- shall adhere to the following terms, upon pain of contempt:

    1.      Any person subject to this Order who receives from any other person any

information of any kind provided in the course of discovery in the action ("Discovery Material")

that is designated as "Confidential" pursuant to the terms of this Order (hereinafter the

"Confidential Information") shall not disclose such Confidential Information to anyone else

except as expressly permitted hereunder.

2.    The person disclosing or producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)    any information of a personal or intimate nature regarding any individual;

(b)    any commercially sensitive and/or confidential business or financial information (including without limitation nonpublic contracts, profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, payments to writers, sales reports, sales margins, and business or financial information that may be confidential, proprietary or commercially sensitive to certain third parties who have had dealings with parties to this action);

(c)    any business plans, product development information or marketing plans; or

(d)    any other category of material or information hereinafter given Confidential status by the Court.

3.    Any person subject to this Order who receives from any other person any Discovery Material that is designated as "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Attorneys' Eyes Only material or information to anyone else except as expressly permitted hereunder.

4.    The person producing any given Discovery Material may designate as Attorneys' Eyes Only only such portion of such material or information which it in good faith believes the disclosure of which is likely to be harmful to the ability of the producing party and/or its affiliates to conduct business in a competitive fashion and consists of:

(a)    any commercially sensitive and/or confidential business or financial information (including without limitation nonpublic contracts, profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, sales margins, and

business or financial information that may be confidential, proprietary or commercially sensitive to certain third parties who have had dealings with parties to this action);

(b)    any business plans, product development information or marketing plans; or

(c)    any other category of material or information hereinafter given Attorneys' Eyes Only status by the Court.

5.    With respect to the Confidential or Attorneys' Eyes Only portion(s) of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion(s) as "Confidential" or as "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or as "Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the Confidential or Attorneys' Eyes Only information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential Information or Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order," as the case may be, by the reporter.

6.    If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or as Attorneys' Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or as Attorneys' Eyes Only under the terms of this Order.

7.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)    the parties to this action;

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)    stenographers engaged to transcribe depositions conducted in this action; and

(g)    the Court and its support personnel.

8.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person whomsoever, except to:

(a)    counsel retained specifically for this action or in-house counsel;

(b)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

530532

           (c)     stenographers engaged to transcribe depositions conducted in this action; and

           (d)     the Court and its support personnel.

9.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.    All Confidential and Attorneys' Eyes Only material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only material, shall be filed under seal with the Clerk of the Court and kept under seal until further order from the Court. The parties will use their best efforts to minimize such sealing.

11.    Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as prior *in camera* review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

530532

12.     Each person who has access to Discovery Material that has been designated as Confidential or as Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.     This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Discovery Materials designated as "Confidential" and as "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

14.     This Stipulation and Protective Order may be executed in counterparts and facsimile signatures shall be deemed to be originals.

15.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
         November 14 2007

DUNLOP & ASSOCIATES, P.C.                PRYOR CASHMAN LLP

By: _____             By _____
     Victor A. Dunlop                         Tom J. Ferber
     Kenneth J. Montgomery                     Mark A. Tamoshunas
     Craig L. Davidowitz

     55 Washington Street, Suite 451          410 Park Avenue
     Brooklyn, New York 11201                 New York, NY 100022
     (718) 403-9261                           (212) 421-4100
     Attorneys for Plaintiff Antonne M. Jones     Attorneys for Defendant Lions Gate Films, Inc.

530532

SILLER WILK LLP

_____                By:_____
Damon Dash                                   Stuart M. Riback
                                             675 Third Avenue
                                             New York, NY 10017
                                             Attorneys for Defendant
                                             Shawn Carter




SO ORDERED.



_____
KEVIN N. FOX, U.S.M.J.

[EXHIBIT]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTONNE M. JONES                              :
                                Plaintiff,          :              07 Civ. 3648 (KNF)

                                                    :
                v.
                                                    :
ROC-A-FELLA FILMS, INC., LIONS GATE         :
FILM, INC., DAMON DASH and                   :              Non-Disclosure Agreement
SHAWN CARTER
                                                    :
                                Defendants.
-------------------------------------------------------------X

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential.  I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it.  By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.


Dated: _____          _____


530532

# Exhibit 4

**From:** Victor A. Dunlop <moreno@sundree.tv>
    **To:** loaww1650@aol.com <loaww1650@aol.com>; Ambrose Wotorson <Wotor1@aol.com>
**Subject:** FW: Jones v. Roc-A-Fella Films, Inc et al
    **Date:** Mon, 4 Feb 2008 4:25 pm

Please read the exchange below.
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be guaranteed.

------ Forwarded Message
From: Stuart Riback <SRiback@sillerwilk.com>
Date: Mon, 3 Dec 2007 13:09:53 -0500
To: <moreno@sundree.tv>
Conversation: Jones v. Roc-A-Fella Films, Inc et al
Subject: RE: Jones v. Roc-A-Fella Films, Inc et al

I have received the protective order and will be turning to it shortly.

-----Original Message-----
From: moreno@sundree.tv [mailto:moreno@sundree.tv]
Sent: Monday, December 03, 2007 10:32 AM
To: Stuart Riback
Subject: RE: Jones v. Roc-A-Fella Films, Inc et al

Dear Stuart:

Tank you for the update. However, unless we receive substantive
responses to our outstanding discovery demands that we due on Nov. 6 and
promised by you on Nov. 9 by Dec. 6, we will request a motion conference
to move under Rule 37. Also, have you received and/or executed LGF's
protective order?

I look forward to hearing from you.

Regards,
Victor Dunlop


> I have been swamped with a prelim injunc hearing since early this
> month which is why you haven't heard from me.  I expect to return to
> thus case later this week.
>
> Stuart
>
>
> Sent from my GoodLink synchronized handheld (www.good.com)
>

> -----Original Message-----
> From:  Victor A. Dunlop [mailto:moreno@sundree.tv]
> Sent: Tuesday, November 06, 2007 05:40 PM Eastern Standard Time
> To: Stuart Riback
> Subject: Jones v. Roc-A-Fella Films, Inc et al
>
> Dear Stuart:
>
> Please see the attached.
>
>
> Regards,
> Victor Dunlop
> --
> Victor A. Dunlop, Esq.
> Dunlop & Associates, P.C.
> 55 Washington Street, Suite 451
> Brooklyn, New York 11201
> (718) 403-9261 Telephone
> (614) 455-9261 Facsimile
> www.sundree.tv
>
> This electronic mail message is privileged and confidential and is
> intended only for the use of the person(s) to whom it is addressed. If

> you are not the addressee, copying, disclosure or other use of this
> message and its contents are prohibited by applicable law. If you have

> received the message in error, please advise us by reply e-mail to
> moreno@sundree.tv and delete the message. Because Internet e-mail and
> attachments can be altered electronically, the integrity of this
> communication cannot be guaranteed.
>
>


--
Dunlop & Associates, P.C.
Victor Antonio Dunlop, Esq.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile

------ End of Forwarded Message

# Exhibit 5

**From:** Victor A. Dunlop <moreno@sundree.tv>
    **To:** loaww1650@aol.com <loaww1650@aol.com>; Ambrose Wotorson <Wotor1@aol.com>
**Subject:** FW: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
    **Date:** Mon, 4 Feb 2008 4:19 pm

Please read below.
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be guaranteed.

------ Forwarded Message
From: Stuart Riback <SRiback@sillerwilk.com>
Date: Fri, 7 Dec 2007 13:50:38 -0500
To: "Victor A. Dunlop" <moreno@sundree.tv>
Conversation: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
Subject: RE: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007

Let me have a chance to eyeball the protetctive order again - I haven't
had a chance since I last gave comments, but I doubt there will be a
problem - and once I sign it I'll send the docs.  The docs are on my
desk.  I do apologize, but my post-hearing brief on this preliminary
injunctino is going in on Monday, and I have not been able to think
about much else.  I should be much more accessible next week.


-----Original Message-----
From: Victor A. Dunlop [mailto:moreno@sundree.tv]
Sent: Friday, December 07, 2007 1:49 PM
To: Stuart Riback
Subject: Re: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007

Stuart,

I spoke with Bessie.  I look forward to receiving your responses as well
as the documents.

Regards,
Victor


On 12/6/07 8:49 PM, "Stuart Riback" <SRiback@sillerwilk.com> wrote:

> Victor, I expect to have some stuff for you tomorrow.
>
> -----Original Message-----
> From: Victor A. Dunlop [mailto:moreno@sundree.tv]
> Sent: Wednesday, December 05, 2007 5:57 PM
> To: Tamoshunas, Mark A.; Stuart Riback
> Subject: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
>

# Exhibit 6

**From:** Victor A. Dunlop <moreno@sundree.tv>
**To:** loaww1650@aol.com <loaww1650@aol.com>; Ambrose Wotorson <Wotor1@aol.com>
**Subject:** FW: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
**Date:** Mon, 4 Feb 2008 4:20 pm

Please read below.
--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be guaranteed.


------ Forwarded Message
From: Stuart Riback <SRiback@sillerwilk.com>
Date: Fri, 7 Dec 2007 15:09:59 -0500
To: "Victor A. Dunlop" <moreno@sundree.tv>
Cc: Emma Daschbach <edaschbach@sillerwilk.com>
Conversation: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
Subject: Re: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007

Chill, Victor. I'm just being careful. You'll get your documents.


Sent from my GoodLink synchronized handheld (www.good.com)

-----Original Message-----
From: Victor A. Dunlop [mailto:moreno@sundree.tv]
Sent: Friday, December 07, 2007 03:02 PM Eastern Standard Time
To: Stuart Riback
Subject: Re: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007

Stuart:

In my opinion the protective order is not that significant with respect to
your client. Bessie advised me that the documents themselves were going out
today via Fed Ex, which now appears to not be the case. Time is running and
it appears that both, you and LGF are basing the production of documents on
the entry of the PO. Note that if by December 14th I have not received
documents from both parties, I will request a motion conference on that date
for an order compelling both parties to produce all documents and things
that we deserve to inspect in order to continue preparing for trial. Thank
you for your immediate attention. I look forward to receiving the documents
and things.

Regards,
Victor


On 12/7/07 1:50 PM, "Stuart Riback" <SRiback@sillerwilk.com> wrote:

> Let me have a chance to eyeball the protetctive order again - I haven't
> had a chance since I last gave comments, but I doubt there will be a
> problem - and once I sign it I'll send the docs. The docs are on my

> desk.  I do apologize, but my post-hearing brief on this preliminary
> injunctino is going in on Monday, and I have not been able to think
> about much else.  I should be much more accessible next week.
>
>
>
> -----Original Message-----
> From: Victor A. Dunlop [mailto:moreno@sundree.tv]
> Sent: Friday, December 07, 2007 1:49 PM
> To: Stuart Riback
> Subject: Re: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
>
> Stuart,
>
> I spoke with Bessie.  I look forward to receiving your responses as well
> as the documents.
>
> Regards,
> Victor
>
>
> On 12/6/07 8:49 PM, "Stuart Riback" <SRiback@sillerwilk.com> wrote:
>
>> Victor, I expect to have some stuff for you tomorrow.
>>
>> -----Original Message-----
>> From: Victor A. Dunlop [mailto:moreno@sundree.tv]
>> Sent: Wednesday, December 05, 2007 5:57 PM
>> To: Tamoshunas, Mark A.; Stuart Riback
>> Subject: Jones v. Roc-A-Fella Films, Inc. et al 3648/2007
>>
>> Dear Mark:
>>
>> Please see the attached.
>>
>> Regards,
>> Victor
>> --
>> Victor A. Dunlop, Esq.
>> Dunlop & Associates, P.C.
>> 55 Washington Street, Suite 451
>> Brooklyn, New York 11201
>> (718) 403-9261 Telephone
>> (614) 455-9261 Facsimile
>> www.sundree.tv
>>
>> This electronic mail message is privileged and confidential and is
>> intended only for the use of the person(s) to whom it is addressed. If
>>
>> you are not the addressee, copying, disclosure or other use of this
>> message and its contents are prohibited by applicable law. If you have
>>
>> received the message in error, please advise us by reply e-mail to
>> moreno@sundree.tv and delete the message. Because Internet e-mail and
>> attachments can be altered electronically, the integrity of this
>> communication cannot be guaranteed.
>>
>
> --
> Victor A. Dunlop, Esq.
> Dunlop & Associates, P.C.
> 55 Washington Street, Suite 451
> Brooklyn, New York 11201
> (718) 403-9261 Telephone
> (614) 455-9261 Facsimile
> www.sundree.tv
>

> This electronic mail message is privileged and confidential and is
> intended only for the use of the person(s) to whom it is addressed. If
> you are not the addressee, copying, disclosure or other use of this
> message and its contents are prohibited by applicable law. If you have
> received the message in error, please advise us by reply e-mail to
> moreno@sundree.tv and delete the message. Because Internet e-mail and
> attachments can be altered electronically, the integrity of this
> communication cannot be guaranteed.
>

--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended
only for the use of the person(s) to whom it is addressed. If you are not
the addressee, copying, disclosure or other use of this message and its
contents are prohibited by applicable law. If you have received the message
in error, please advise us by reply e-mail to moreno@sundree.tv and delete
the message. Because Internet e-mail and attachments can be altered
electronically, the integrity of this communication cannot be guaranteed.

------ End of Forwarded Message

# Exhibit 7

**Mark A. Tamoshunas**

Direct Tel: 212-326-0438
Direct Fax: 212-798-6932
mtamoshunas@pryorcashman.com

December 10, 2007

**VIA EMAIL**

Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street
Suite 451
Brooklyn, New York 11201

Re: <u>Antonne M. Jones v. Lions Gate Films, et al.</u>

Dear Victor:

I am writing in response to your letter dated December 5, 2007, which enclosed a signed protective order.

Now that we have received the executed protective order, we will produce Lions Gate's documents as set forth in its document response. Pursuant to our prior agreement, if the protective order is not eventually "so-ordered" by the Court, you will return the documents marked "Attorneys' Eyes Only" and "Confidential."

I expect that we will produce the documents by overnight delivery on Monday, December 17. We will also produce copies to Mr. Riback and Mr. Dash once they have executed the protective order.

Finally, I can confirm your client's deposition for December 20 at our office. We have agreed to commence at 12:00 p.m. and continue until that deposition is completed as you requested.

Very truly yours,

Mark A. Tamoshunas

Enc.
cc: Stuart Riback, Esq., via email
    Damon Dash, via mail

538324v3

# Exhibit 8

AMBROSE WOTORSON, P. C.
SUITE 1811
26 COURT STREET
BROOKLYN, N.Y. 11242-1118

$0.750
US POSTAGE
FIRST-CLASS
FROM 10019
JAN 08 2008

stamps.com



062S0000527191

Damon Dash
Dash Enterprise 1, LLC
25 W 39th St Fl 14
New York NY 10018-38⎺⎺

NIXIE      100   DE 1       00 01/15/08
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 11242111851      *2109-17209-09-37

11242@1118

AMBROSE WOTORSON, P. C.
SUITE 1811
26 COURT STREET
BROOKLYN, N.Y. 11242-1118





**$3.060**
US POSTAGE
FIRST-CLASS
FROM 10019
JAN 25 2008
stamps.com



062S0000527191

7001 1940 0005 7725 0710

MLNA

Damon Dash
Dash Enterprise 1 LLC
25 W 39th St Fl 14th
New York NY 10018-3805

Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201



**CERTIFIED MAIL ™**

9171 8793 2341 8033 0299 96
**RETURN RECEIPT REQUESTED**



Dash Enterprises I, LLC
Damon Dash, CEO
25 West 39th Street, 14th Floor
New York, New York 10018

MCNA
2/4/08

---

Dunlop & Associates, PC
55 Washington Street, Suite 451
Brooklyn, NY 11201

NEW YORK NY 100

05 JAN 2008 PM 13 1



Damon Dash
Dash Enterprises I, LLC
25 West 39th Street, 14th Floor
New York, N

NIXIE      100   DC 1    ·    00 01/15/08
        RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD

BC: 11201104501    *2945-08125-05-22

# Exhibit 9

**From:** Victor A. Dunlop <moreno@sundree.tv>
**To:** loaww1650@aol.com <loaww1650@aol.com>; Ambrose Wotorson <Wotor1@aol.com>
**Subject:** FW: Damon Dash contact info
**Date:** Mon, 4 Feb 2008 4:26 pm

--
Victor A. Dunlop, Esq.
Dunlop & Associates, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
www.sundree.tv

This electronic mail message is privileged and confidential and is intended only for the use of the person(s) to whom it is addressed. If you are not the addressee, copying, disclosure or other use of this message and its contents are prohibited by applicable law. If you have received the message in error, please advise us by reply e-mail to moreno@sundree.tv and delete the message. Because Internet e-mail and attachments can be altered electronically, the integrity of this communication cannot be guaranteed.

------ Forwarded Message
**From:** SARA GARRISON <sara.ddash@gmail.com>
**Date:** Mon, 4 Feb 2008 16:17:47 -0500
**To:** <moreno@sundree.tv>
**Subject:** Damon Dash contact info

Victor,

Per Mark Tamoshunas, I am sending you the updated contact information for the offices of Damon Dash. Please find them listed at the bottom of this email. Also, would you mind emailing me the information for the 2/11 conference call?

Thanks,
Sara Garrison
Assistant to Damon Dash
172 Duane St
NY, NY 10013
212.334.6528 (o)
646.705.6538 (m)
212.334.6579 (f)

------ End of Forwarded Message