# DUNLOP & ASSOCIATES, P.C.
A PROFESSIONAL CORPORATION
55 WASHINGTON STREET, SUITE 451
BROOKLYN, NEW YORK 11201
(718) 403-9261 TELEPHONE
(614) 455-9261 FACSIMILE

**VIA ECF**

February 8, 2008

Honorable Judge Fox, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Jones v. Lions Gate Films, Inc., et al. 07 CV 3648 (KNF)</u>

Dear Honorable Magistrate Judge Fox:

      Plaintiff moves pursuant to Fed. R. Civ. P. 37(a) and Local Civil Rule 37.2 for an order compelling defendant Damon Dash ("Defendant"), to produce discovery in response to plaintiff's first set of interrogatories and plaintiff's first request for production of documents ("Combined Discovery Demands") served on Defendant on or about November 10, 2007, and any other relief the Court deems just and proper. Defendant advised plaintiff at the conclusion of plaintiff's deposition on December 20, 2007, that he received plaintiff's Combined Discovery Demands. In addition, plaintiff shall seek attorneys' fees for being compelled to bring the instant motion because defendant's failure to respond to plaintiff's Combined Discovery Demands and his refusal to correspond with plaintiff during the litigation are wholly unjustified, without good reason, in bad faith, and indicative of defendant's overall refusal to recognize this Court's rules.

      Where a party has failed to respond to a discovery request, the party seeking discovery … may apply for an order compelling … discovery. Fed. R. Civ. P. 37(a); <u>Sea Carriers Corp. v. Empire Programs, Inc.</u>, 2007 WL 2729005 (S.D.N.Y. 2007). Motions to compel are entrusted to the sound discretion of the court and this Court is afforded broad discretion in deciding discovery issues. <u>Wills v. Amerada Hess Corp</u>., 379 F.3d 32, 41 (2d Cir. 2004); *see also* <u>In re Fitch, Inc.</u>, 330 F.3d 104, 108 (2d Cir. 2003). Moreover, Fed. R. Civ. P. 26(b)(1) states that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Willis v. Amerada Hess Corp.</u> 379 F.3d at 41; *see also* <u>Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York</u>, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) ("In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable].") *(quotation marks and citation omitted).* Limitations are imposed only "on discovery sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a

recognized privilege." In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992) (citing Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct. 385, 391-92, 91 L. Ed. 451 (1947)).

### Good Faith Certification

Plaintiff has unsuccessfully attempted to communicate with Defendant in an effort to resolve the current discovery issues.  The parties spoke briefly after plaintiff's deposition on December 20, 2007. During that brief discussion, Defendant advised us that he received plaintiff's Combined Discovery Demands, but Defendant offered no assurance that plaintiff would receive responses or documents. Further efforts to communicate with Defendant on January 5th, 2008 and February 1, 2008 were equally unsuccessful, as letters sent to Defendant's business address were returned as "undeliverable with no forwarding address". In fact, we were not advised of Defendant's new business address until Sara Garrison contacted us via electronic mail on February 4, 2008.

Thus, plaintiffs can certify that they made good faith efforts to resolve the instant discovery dispute before filing this motion.

### Defendant's History Throughout the Litigation

Defendant has used dilatory tactics meant to thwart plaintiff's efforts to proceed with his case throughout the history of the litigation. For example, Defendant was represented by very competent counsel in Liner Yankelevitz Sunshine & Regenstreif, LLP and Krantz & Berman, LLP, (collectively, "Former Counsel"), but for reasons unknown, Defendant chose to terminate that relationship. By order of this Honorable Court dated October 5, 2007, Defendant's Former Counsel was relieved and Defendant was given until October 12, 2007 to have his new counsel file a notice of appearance.

On October 12, 2007, Robert M. Wallack, Esq. advised the Court that he was new counsel for Defendant, but that he was "not yet admitted to practice before this Court." In response to Mr. Wallack's letter, the Court set October 29, 2007 as the deadline for Mr. Wallack to file a notice of appearance. On October 29, 2007, Mr. Wallack advised the Court for a second time that he could not file a notice of appearance on behalf of the Defendant, but this time he cited the Defendant's failure to retain him as the reason and requested an extra week's extension to file a notice of appearance.

On or about October 31, 2007, this Court denied Mr. Wallack's request and ordered Defendant to proceed pro se until the time that Defendant hired counsel admitted to practice before this Court. As a result of this Court's order dated October 31, 2007, plaintiff served Defendant with his Combined Discovery Demands. Defendant has yet to respond to plaintiff's Combined Demands, thus plaintiff is compelled to bring the instant motion.

### Discovery Demands

On or about November 9, 2007, plaintiff served Defendant his Combined Discovery Demands. These demands largely sought to discover the names and addresses of persons and corporations involved with the creation, marketing, promotion, theatrical and digital video disc (DVD) distribution of the full length feature film, State Property, as well as, the controlling agreements between those individuals and entities. The documents and responses requested in plaintiff's Combined Discovery Demands go directly to the heart of the matter and are therefore, very relevant and very reasonable in

2

scope. Defendant did not supply any responses, written or otherwise to plaintiff's Demands.

## **Defendants' Refusal to Provide Interrogatories and Documents**

Defendant has refused to identify persons with knowledge or information concerning agreements, whether oral or written, between Defendants Damon Dash, Roc-A-Fella Films, Inc. and/or RCB Entertainment, Inc. on the one hand and Defendant Lions Gate Films, Inc. on the other hand in connection with or concerning State Property.

Defendant has refused to identify each person employed by or acting on behalf of himself and/or Roc-A-Fella Films, Inc. in connection with any agreements, whether oral or written, between himself, Roc-A-Fella Films, Inc. and/or RCB Entertainment, Inc. on the one hand and Lions Gate Films, Inc. on the other hand.

Defendant has refused to identify each person with knowledge or information concerning any agreements, whether oral or written, between himself and/or Roc-A-Fella Films, Inc. on the one hand and non parties Earnest Anderson and/or Malik Abbot on the other hand concerning the motion picture State Property.

Defendant has refused to identify the officers, executives or employees of Defendants Roc-A-Fella Films, Inc., and/or himself involved in the development of the motion picture State Property, including but not limited to discussions of all scripts, ideas, concepts, and themes.

Defendant has refused to identify each person with knowledge or information concerning each contract, whether oral or written, entered into by himself and/or Roc-A-Fella Films, Inc., since the year 2002 for film and/or video distribution including without limitation, the motion picture State Property.

Defendant has refused to identify each person with knowledge or information concerning the decision to afford writers' credit to non-parties Earnest Anderson and/or Malik Abbot for the motion picture State Property.

Defendant has refused to identify each person with knowledge or information concerning Defendants decision to afford director's credit to non-party Malik Abbot for State Property.

Defendant has refused to identify each person with knowledge or information concerning his or Roc-A-Fella Film's decision to adopt a screenplay and/or script for State Property purportedly supplied to him and/or Roc-A-Fella Films, Inc. from non-party Earnest Anderson.

Defendant has refused to identify each person with knowledge or information concerning each and every occasion and the date(s) thereof on which he and/or Roc-A-Fella Films, Inc. conferred with, met with or worked with non-parties Earnest Anderson and/or Malik Abbott with respect to the subject matter of the Complaint.

Defendant has refused to identify each person with knowledge or information concerning any oral or written communications between himself and/or Roc-A-Fella Films, Inc. on

the one hand and non-parties Earnest Anderson and/or Malik Abbot on the other hand with respect to the subject matter of the Complaint.

Defendant has refused to identify each person with knowledge or information concerning plaintiff's copyrights in and to fiction novel, The Family.

Defendant has refused to identify each person with knowledge or information concerning the fiction novel, The Family.

Defendant has refused to identify each person with knowledge or information concerning any meetings and/or telephone conversations between himself and/or any of his representatives and Lions Gate Films, Inc. with respect to the subject matter of the Complaint.

In addition to Defendant's refusal to identify the names and addresses of persons and corporations, Defendant has refused to provide any documents in response to plaintiff's document demands.

## **CONCLUSION**

For the foregoing reasons, this Honorable Court should order defendants to provide responses to plaintiff's Combined Discovery Demands and including, but not limited to written responses, answered under oath and documents that he has heretofore refused to provide. As well, plaintiff requests that this Honorable Court rule that defendant has waived any objection that he might have had to plaintiff's discovery demands.

Dated:  Brooklyn, New York
        February 8, 2008

                            Respectfully Submitted,
                            DUNLOP & ASSOCIATES, PC

                            By:  _____/s/_____
                            Victor A. Dunlop, Esq. (VAD-8571)
                            55 Washington Street, Suite 451
                            Brooklyn, New York 11201
                            (718) 403-9261 Telephone

                            LAW OFFICES OF AMBROSE W. WOTORSON

                            By:  _____/s/_____

                            Ambrose W. Wotorson, Esq. (AWW-2412)
                            26 Court Street, Suite 1811
                            Brooklyn, New York 11242
                            (718) 797-4861 Telephone