UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTONNE M. JONES,

                        Plaintiff,

      - against -

ROC-A-FELLA FILMS, INC., LIONS GATE
FILMS, INC., and DAMON DASH,

                       Defendants.

------------------------------------------------------------x

07 Civ. 3648 (KNF)(HBP)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROC-A-FELLA FILMS INC. AND DAMON DASH'S MOTION FOR SUMMARY JUDGMENT

COHEN TAUBER SPIEVACK & WAGNER P.C.
Stephen Wagner, Esq.
Ginnine Fried, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 586-5800

*Attorneys for Defendants Damon Dash
and Roc-A-Fella Films, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTONNE M. JONES,

                      Plaintiff,

      - against -

ROC-A-FELLA FILMS, INC., LIONS GATE
FILMS, INC., and DAMON DASH,

                      Defendants.
------------------------------------------------------------x

07 Civ. 3648 (KNF)(HBP)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROC-A-FELLA FILMS INC. AND DAMON DASH'S MOTION FOR SUMMARY JUDGMENT

Defendants Roc-A-Fella Films, Inc. ("Roc-A-Fella") and Damon Dash ("Dash," collectively, the "Dash Defendants"), by its attorney Cohen Tauber Spievack & Wagner P.C., respectfully submit this memorandum of law in support of its Motion for Summary Judgment in this action.

The Dash Defendants have reviewed Defendant Lions Gate Films, Inc.'s Memorandum of Law in Support of Summary Judgment (the "Lions Gate Memorandum of Law") and Local Rule 56.1(a) Statement of Material Facts Not in Dispute, and in the interest of preserving judicial time and resources, adopt and join the statement of facts and legal arguments presented in those papers. We address herein only Plaintiff's third claim for common law misappropriation, which is alleged solely against defendant Dash. For the reasons that follow, judgment should be entered against the Plaintiffs and in favor of Dash on the third claim for relief.

I.  **The Copyright Act Preempts the Misappropriation Claim**

The Copyright Act, 17 U.S.C. §§ 101 *et seq.*, expressly preempts any state or common law claims that are protected by the Act. 17 U.S.C. § 301(a); *National Basketball Ass'n v. NBA Properties, Inc.*, 105 F.3d 841, 848-49 (2d Cir. 1997) (state law misappropriation claim preempted); *Computer Associates Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992) ("... misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by Section 301"); *Mills v. Contrell*, 2006 WL 3635325, at *6 (S.D.N.Y. 2006) (common law misappropriation claim preempted).

It is well-settled in the Second Circuit that the Copyright Act provides the exclusive remedy when: (1) the challenged work is protected by the Copyright Act; and (2) the claim seeks to vindicate either legal or equitable rights that are equivalent to any of the rights already protected by copyright law. *Mills*, 2006 WL 3635325, at *6; *Arden v. Columbia Pictures Industries, Inc.*, 908 F. Supp. 1248, 1264 (S.D.N.Y. 2004).

Plaintiff's common law misappropriation claim satisfies both prongs of the preemption test. First, it is undisputed that Plaintiff's book, The Family: A Philadelphia Mob Story, is a literary work that falls within the category of works protected by the Copyright Act. 17 U.S.C. § 102(a). Second, Plaintiff's misappropriation claim relies entirely on the same alleged wrongs that ground his infringement claim: that Dash used Plaintiff's book as the sole source of the film State Property, which frustrated Plaintiff's attempts to sell the film rights to his book. *See* Complaint, attached to the declaration of Ginnine B. Fried as Exhibit A, at ¶¶ 99-107. In essence, Plaintiff's allegations of Dash's reproduction, adaptation, performance and distribution are identical to the allegations

{00025639.DOC; 1}

2

supporting his copyright infringement claim—which have been squarely held to be preempted by the Copyright Act. *See, e.g., BriarPatch Ltd., L.P. v. Phoenix Pictures Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).

It has also been established that no extra elements of misappropriation under New York law exist that are not otherwise encompassed by the Copyright Act, which would permit a separate common law cause of action. *See, e.g, Computer Assocs.*, 982 F.2d at 717 ("Following this 'extra element' test, we have held that unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by section 301."); *Princess Fabrics, Inc. v. CHF, Inc.*, 922 F.2d 99, 104 (2d Cir.1990) (misappropriation claim preempted); *Mills*, 2006 WL 3635325, at *6 (same).

In sum, because the rights Plaintiff seeks to enforce in the misappropriation claim are wholly encompassed within the Copyright Act, the Copyright Act preempts the misappropriation claim. Moreover, even if it were not preempted, the claim fails for the same reasons as the infringement claim. Therefore, Dash should be awarded summary judgment on the common law misappropriation alleged in the Complaint as the third claim for relief.

## CONCLUSION

For the foregoing reasons, Defendants Roc-A-Fella Films, Inc. and Damon Dash respectfully request that the Court grant its motion for summary judgment dismissing the Complaint in its entirety, with prejudice, together with such other and further relief the Court deems just and proper.

Dated: New York, New York
April 15, 2008

> COHEN TAUBER SPIEVACK & WAGNER P.C.
>
> By: _s/ Stephen Wagner_
>      Stephen Wagner
>      Ginnine Fried
> 420 Lexington Avenue, Suite 2400
> New York, New York 10170
> (212) 586-5800
>
> *Attorneys for Defendants Damon Dash*
> *and Roc-A-Fella Films, Inc.*

{00025639.DOC; 1}

4