Tom J. Ferber
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Defendant Lions Gate Films, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTONNE M. JONES                                      :
                         Plaintiff,                   :         07 Civ. 3648 (KNF)
     -against-                                        :
                                                      :
ROC-A-FELLA FILMS, INC., LIONS GATE                   :
FILMS, INC., and DAMON DASH                           :
                                                      :
                                                      :
                         Defendants.                  :
-----------------------------------------------------------------X

## DECLARATION OF MARK A. TAMOSHUNAS IN SUPPORT OF DEFENDANT LIONS GATE FILMS, INC.'S MOTION FOR FEES AND COSTS

MARK A. TAMOSHUNAS declares as follows:

1.      I am a member of the Bar of this Court and an associate with Pryor Cashman LLP, attorneys for Lions Gate Films, Inc. ("Lions Gate"). I am fully familiar with all the facts and circumstances hereinafter stated, and I submit this declaration in support of Lions Gate's application for attorneys' fees and costs.

2.      This motion arises out of the failure of Plaintiff Antonne M. Jones and his counsel to attend the settlement conference scheduled for April 3, 2008.

3.      This conference had initially been scheduled for February 21, 2008, the day after

the close of discovery. On February 14, 2008, however, the parties made a joint request to adjourn the conference in light of Judge Fox's decision to extend discovery until March 12, 2008. A true and correct copy of my February 14, 2008 letter is attached as Exhibit A.

4. On February 14, 2008, I received a phone call from the clerk of this Court noting that the request for an adjournment was granted and the settlement conference was rescheduled for April 3, 2008 at 10:00 a.m.

5. I immediately relayed both the date and time of the conference to all of the attorneys involved in the case at that time, Mr. Wotorson, Mr. Dunlop, Mr. Wagner, and Mr. Riback, in an email sent that morning. A true and correct copy of that email is attached as Exhibit B.

6. My colleague Tom J. Ferber, the lead attorney on the case, and I appeared at the April 3, 2008 conference together with Lions Gate's client representative, James Gladstone, and the insurance representative for this matter, Walter Aldave. Mr. Gladstone traveled from California to attend this conference and Mr. Aldave traveled from Northern Connecticut.

7. Plaintiff and his attorneys failed to attend the settlement conference.

8. Mr. Wotorson has since acknowledged in a phone call with me that my email notifying them of the conference was indeed received by Mr. Dunlop.

9. Mr. Ferber and I spent 2.5 hours attending the conference, including travel time, at the hourly rate of $440 and $290 respectively, and the client was billed $1,825 for our time. This rate is a significant discount from the normal rates which are $655 and $475 respectively.

10. Mr. Gladstone, Executive Vice President of Business & Legal Affairs at Lions Gate Films, incurred $1,666 in expenses in attending this conference primarily for the cost of his airfare and hotel while in New York. A true and correct copy of his expense report and receipts

are attached as Exhibit C, with his personal financial information redacted where appropriate.

11. Jordan S. Paul, a law clerk at Pryor Cashman LLP, whose admission to the New York Bar is pending, spent 2.75 hours preparing this Notice of Motion and Declaration at the hourly rate of $290, which is discounted from the normal rate of $390. The client will be billed $797.50 for the work done preparing this motion.

12. The Court is authorized to require Mr. Wotorson, Mr. Dunlop, and Mr. Jones to reimburse Lions Gate pursuant to Rule 7 of the Procedures Applicable to Cases Referred to Settlement to Magistrate Judge Pitman, which provides, "If a party fails to come to a settlement conference with all the required persons…that party may be required to reimburse all the other parties for their time and travel expense." The Court also has the inherent power to award costs and fees. See e.g., United States v. Seltzer, 227 F.3d 36, 41-42 (2d Cir. 2000).

WHEREFORE, Lions Gate respectfully requests that the Court issue an order requiring Plaintiff and/or his counsel to reimburse Lions Gate for fees and costs incurred in the amount of $4,288.50, and for such other and further relief as this Court deems just and proper.

Executed on April 18, 2008
New York, New York

_____
Mark A. Tamoshunas