Victor A. Dunlop (VAD-8571)
DUNLOP & ASSOCIATES, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
718.403.9261 Telephone
614.455.9261 Facsimile

Ambrose W. Wotorson (AWW-2149)
LAW OFFICE OF AMBROSE W. WOTORSON
26 Court Street, Suite 1811
Brooklyn, New York 11201
718.797.4861 Telephone
718.797.4863 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTONNE M. JONES,                             :

                Plaintiff,             :

  -against-                                          :         **07 Civ. 3648 (KNF)(HBP)**

ROC-A-FELLA FILMS, INC., LIONS GATE    :
FILMS, INC., DAMON DASH and
SHAWN CARTER,                                     :

                Defendants.            :
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDNATS'
MOTION FOR ATTORNEYS' FEES**

INTRODUCTION

      Plaintiff by his attorneys, Dunlop & Associates, PC and the Law Offices of

Ambrose Wotorson, submits the instant Memorandum of Law in Opposition to

Defendants' Motion for Attorneys' Fees. Plaintiff submits that grant of Defendants'

Motion would be inappropriate in the instant case**.**

## STANDARD OF REVIEW AND STATEMENT OF FACTS

Pursuant to its inherent authority and His Honor's Procedures Applicable to Cases Referred to Settlement, this Honorable Court has generally awarded attorneys' fees in instances of extreme negligence, where the offending party had missed two (2) depositions and a court ordered discovery conference, despite receiving telephonic and written notice. *Ozehmebhoya v. Edison Parking, Inc.,* 2004 WL 2912906 (SDNY, 2004). Moreover, Judge Baer held that, "because the court's inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion …" and in order to impose sanctions, "a finding of bad faith is necessary". *Wolters Kluwer Financial Services, Inc. v. Scivantage, et al*, 525 F.Supp 2d 448 (SDNY, 2007); see *In re Peters,* 2008 WL 1000131 (SDNY, 2008)(to impose sanctions under … the inherent powers of the court, there must be a finding of misconduct by clear and convincing evidence).

Here, the plaintiff's inadvertent non-appearance was not based on bad faith, negligence or recklessness. Moreover, Defendants cannot possibly show by clear and convincing evidence that there was any misconduct whatsoever on the part of the plaintiff. Plaintiff believed that the settlement conference was scheduled for later in the day and, promptly explained the same to the Court. Once the Court informed Plaintiff's counsel that the settlement conference was scheduled for 10:00 AM, plaintiff's counsel advised the court that plaintiff and co-counsel could be at the court and prepared for the settlement conference within thirty (30) minutes.

Defendants' sole reliance on *United States v. Seltzer,* 227 F.3d 36 (2d Cir. 2000) will be fatal to its application. In *Seltzer,* pursuant to its inherent authority, the District

Court sanctioned an attorney for $350 as a result of her failure to promptly return to court following her lunch break and for her failure to apologize to the court, *after* the Judge personally advised her of what time to return (emphasis added). *United States v. Seltzer*, 227 F.3d 36, 41. The court opined that when a district court invokes its inherent authority to impose sanctions there must be either an explicit finding of bad faith or negligence or recklessness. See *Cruz v. Oxford Health Plans, Inc.*, 2008 WL 509195; see also *Wolters Kluwer Financial Services, Inc. v. Scivantage, et al*, 525 F.Supp 2d 448 (SDNY, 2007).

Here, plaintiff did not receive any notification from this Honorable Court with regards to the time of the settlement conference, as did the defendant in *Seltzer*. Moreover, as soon as plaintiff was made aware that the conference began at 10:00 AM, plaintiff immediately apologized to the Court and apologized to his adversaries when the parties conducted settlement talks later in the day. In fact, the parties conducted settlement talks for a few hours during the day of April 3, 2008, in an attempt to salvage plaintiff's inadvertent failure to appear at the settlement conference. Therefore, plaintiff did not act in bad faith or negligently and certainly not recklessly, when he inadvertently failed to timely appear at the settlement conference.

If this Honorable Court does order plaintiff to pay attorneys' fees, which plaintiff argues that it should not, it is our contention that Defendants' counsels' proposed hourly rates and fees are unreasonable and therefore, excessive. Although there is no precise rule or formula for determining the reasonableness of fees in a copyright case, courts have held that, "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." *Diplomatic Man, Inc. v.*

*Brown*, 2007 WL 2827125 (SDNY, 2007).

For example, one of Defendants' counsels, Stephen Wagner, seeks attorneys' fees calculated at an hourly rate of $540.00. Mr. Wagner did not cite a single case that awarded $540 per hour to an attorney with the same limited copyright experience as Mr. Wagner.[1]

As another example, Ginnine Fried sought attorneys' fees calculated at an hourly rate of $295.00. Defendants failed, once again, to cite a single case that awarded an hourly rate of $295.00 to an attorney with Ms. Fried's very limited copyright litigation experience.[2] Other than the instant matter, for which Ms. Fried has been involved in for only two months, Ms. Fried has no recorded experience in the area of intellectual property or copyright litigation.

Finally, Defendants state that it took Ms. Fried two (2) hours to prepare the instant notice of motion and the motion itself, which consisted mainly of Mr. Wagner's declaration, which is nine paragraphs covering 1 ½ pages. Dash and RAFF's motion contained no memorandum of law and no case citations, evincing that no research was done for its preparation. Therefore, the time billed for the instant application is clearly exorbitant.

If this Honorable Court orders attorneys' fees as a sanction for plaintiff's inadvertent failure to appear at the settlement conference, despite the absence of bad faith, negligence or recklessness, plaintiff respectfully submits that Defendants' counsels'

---

[1] A review of Cohen Tauber Spievack & Wagner, PC's (CTSW) website advertises Mr. Wagner as that firm's co-chair of its litigation department, and that he has practiced commercial litigation in both large and small firms since 1985. Although Mr. Wagner has vast experience, he does not appear have significant experience in the area of copyright litigation.

[2] A review of CTSW website advertises Ms. Fried as having entered the profession in 2004, and that her area of focus is "commercial litigation" and "white collar criminal defense." However, similar to Mr. Wagner, Mr. Fried does not appear to have significant experience in the area of copyright litigation.

fees should be reduced to reasonable rates, comparable with attorneys' having little or no experience in copyright litigation. If the Court finds that any of defendants' attorneys do have significant copyright litigation experience, plaintiff would request that the sanctions imposed be reasonable and that the sanctions be fashioned to "fit the crime" of an inadvertent non-appearance, without sounding the death knell on any settlement possibilities.

## CONCLUSION

For the foregoing reasons, this Honorable Court should exercise its discretion in declining to impose monetary sanctions in light if the inadvertent nature of the non-appearance, and the apparent communication snafu.

Dated:  Brooklyn, New York
         April 19, 2008

>                              Respectfully Submitted,
>                              DUNLOP & ASSOCIATES, PC
>                       By:           /s/
>                              Victor A. Dunlop (VAD-8571)
>                              55 Washington Street, Suite 451
>                              Brooklyn, New York 11201
>                              (718) 403-9261 Telephone
>                              (614) 455-9261 Facsimile
>
>                              LAW OFFICES OF AMBROSE W. WOTORSON
>
>                       By:           /s/
>
>                              Ambrose W. Wotorson (AWW-2142)
>                              26 Court Street, Suite 1811
>                              Brooklyn, New York 11201
>                              (718) 797-4861 Telephone
>                              (718) 797-4863 Facsimile

5