Victor A. Dunlop (VAD-8571)
DUNLOP & ASSOCIATES, P.C.
55 Washington Street, Suite 451
Brooklyn, New York 11201
718.403.9261 Telephone
614.455.9261 Facsimile

Ambrose W. Wotorson, Jr. (AWW-2412)
LAW OFFICE OF AMBROSE W. WOTORSON
26 Court Street, Suite 1811
Brooklyn, New York 11201
718.797.4861 Telephone
718.797.4863 Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTONNE M. JONES,                                            :

                Plaintiff,              :

    -against-                                               :     **07 Civ. 3648 (KNF)(HBP)**

ROC-A-FELLA FILMS, INC., LIONS GATE                          :
FILMS, INC., DAMON DASH and
SHAWN CARTER,                                                :

                Defendants.             :
-------------------------------------------------------------X

### DECLARATION OF VICTOR A. DUNLOP IN OPPOSITION TO ROC-A-FELLA FILMS, INC.'S AND DAMON DASH'S MOTION FOR ATTORNEYS' FEES

      Victor A. Dunlop, an admitted member of the bar of the United States District Court, Southern District of New York, declares the following to be true under the penalties of perjury:

1.      I am an attorney of record for the plaintiff, and I am familiar with the facts and circumstances stated herein. I submit this declaration in opposition to defendants' applications for attorneys' fees.

2. On or about February 7, 2008, via a Rule 37 Motion, plaintiff requested an extension of the discovery period, due to Defendants' refusal to respond to plaintiff's outstanding discovery demands and Defendants' overall refusal to participate in the instant litigation. A copy of plaintiff's February 8, 2008 Rule 37 Motion is attached hereto as Exhibit "A".

2. On February 11, 2008, the parties conducted a telephonic status conference with Magistrate Judge Fox, wherein Magistrate Judge Fox addressed the issues raised in plaintiff's February 8, 2008 Rule 37 Motion.

3. On February 11, 2008, Magistrate Fox extended the discovery deadline from February 20, 2008 to March 12, 2008 and directed the parties to contact Your Honor with regards to adjourning the settlement conference that was scheduled for February 21, 2008. Magistrate Judge Fox memorialized the extension of the discovery deadline in an Order dated February 27, 2008.

4. On or about February 14, 2008, an attorney for defendant Lions Gate Films, Inc., Mark Tamoshunas, contacted this Honorable Court in order to reschedule the settlement conference.

5. This Honorable Court rescheduled the settlement conference for April 3, 2008 at 10:00 AM and told Mr. Tamoshunas to advise the parties of the same.

6. Neither this office, nor the Law Offices of Ambrose Wotorson, received any official notification of the rescheduled April 3, 2008 settlement conference, either by mail or by facsimile, from any of the defendants in this action.

7. It was not until the morning of April 3, 2008 when this plaintiff's counsel received a call from Mr. Jim Ancone at or about 10:35 AM, asking, "are you on your

way,?" that this plaintiff's counsel realized that the settlement conference was on for 10:00 a.m., and not at 2:00 p.m. that day.

8.  I promptly advised Mr. Ancone that I was under the impression that the settlement conference was scheduled for 2:00 PM.[1] Moreover, I advised Mr. Ancone that plaintiff and plaintiff's counsels could easily make arrangements to be at the settlement conference in 30 minutes.

9.  Mr. Ancone advised me that it was "too late" and that I should await a call from Your Honor's deputy with a rescheduled date.

10. I immediately contacted plaintiff, who was scheduled to arrive in Brooklyn from Philadelphia, PA at or about 10:45 AM, and my co-counsel, Ambrose Wotorson, to inform them that the settlement conference was actually scheduled for 10:00 AM and not at 2:00 PM, as we had previously believed.

11. In an effort to salvage the day, Mr. Wotorson spoke with defendants' counsels and learned, for the first time that "notification" of the settlement conference was sent to all parties via electronic mail on or about February 14, 2008.

12. One of LGF's attorneys, Mark Tamoshunas, has always confirmed my receipt of electronic transmissions via facsimile, express mail or regular first class mail. He did not do so with respect to his February 14, 2008 electronic mail. That electronic mail was in my electronic mail archives, but I have no recollection of ever opening it. A follow-up facsimile, express mail or regular first class mail, which had been Tamoshunas' practice prior to February 14, 2008, likely, would have resulted in the matter being calendared properly. In fact, while I recall Mr. Tamoshunas orally telling me the matter had been re-

---

[1] The prior settlement conference that was previously scheduled for February 21, 2008, was to occur at 2:00 p.m.

scheduled for April 3, 2008, I also recall that he *did not* orally tell me that the matter would be on at 10:00 AM, as opposed to 2:00 PM. The specific time of the conference was apparently contained in his February 14, 2008 electronic mail, which I was unaware of until sometime *after* plaintiff's non-appearance on April 3, 2008.

13.     I have personal knowledge that my co-counsel, Ambrose Wotorson, does not typically correspond with *any* litigants via electronic mail.

14.     In fact, in an electronic transmission, dated March 27, 2008, Mr. Tamoshunas advised me that he did not have Mr. Wotorson's electronic mail address.[2]

15.     I also have personal knowledge that Mr. Wotorson's electronic mail address of Wotor1@aol.com, the address where Mr. Tamoshunas purportedly sent notice of the settlement conference, is Mr. Wotorson's *personal* electronic mail address, and that he does not use it for professional purposes.

16.      Plaintiff's inadvertent failure to timely appear at the settlement conference was not as a result of bad faith, negligence or recklessness, nor should it be taken as disrespect to this Honorable Court. Moreover, plaintiff has conducted himself in a professional manner, having never ignored a court order or any other court ordered deadline during the instant action.

17.     Indeed, pursuant to His Honor's rules, plaintiff timely submitted an extensive *Ex-Parte* settlement position statement on March 28, 2008, in anticipation of the settlement conference. This evinced a good faith desire to timely appear and to participate in the settlement conference.

---

[2] This e-mail is dated, and was received, *after* Mr. Tamoshunas' February 14, 2008 e-mail purporting to notify all counsel about the April 3, 2008 settlement conference. Clearly, by March 27, 2008, Mr. Tamoshunas apparently doubted that the Wotor1@aol.com e-mail address that he had for Mr. Wotorson was actually correct.

18.     Moreover, plaintiff traveled from Philadelphia, PA and arrived at my co-counsel's office at approximately 10:45 AM, believing that he was early, in order to further prepare with counsel for the settlement conference.

19.     Upon information and belief, Defendants even requested that the settlement conference be adjourned to 2:00 PM on April 3, 2008, after it was discovered that plaintiff wrongly assumed the settlement conference was for that time, further evincing good faith efforts by all involved parties to cure plaintiff's non-appearance.

20.     In the event that this Honorable Court does award attorneys' fees to Defendants, and we believe that it should not, Defendants' requested amounts are excessive, because they have not demonstrated the reasonableness of their counsels' proposed hourly rates and total attorneys' fees.

21.     WHEREFORE, I respectfully request that pursuant to the foregoing and the attached memorandum of law, Defendants' motion for attorneys' fees be denied in its entirety.

Dated:  Brooklyn, New York
         April 19, 2008

                                  Respectfully Submitted,
                                  DUNLOP & ASSOCIATES, PC

                By:     /s/
                              Victor A. Dunlop (VAD-8571)
                              55 Washington Street, Suite 451
                              Brooklyn, New York 11201
                              (718) 403-9261 Telephone
                              (614) 455-9261 Facsimile