UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTONNE M. JONES,                                    :

                     Plaintiff,          :

           -against-                           :          **07 Civ. 3648 (KNF)(HBP)**

ROC-A-FELLA FILMS, INC., LIONS GATE      :
FILMS, INC., DAMON DASH and
SHAWN CARTER,                                        :

                Defendants.          :
-------------------------------------------------------------X

## DECLARATION OF AMBROSE W. WOTORSON, JR. IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

       Ambrose W. Wotorson, Jr., an admitted member of the bar of the United States District Court, Southern District of New York, declares the following to be true under the penalties of perjury:

1.      My office reasonably assumed that the April 3, 2008 settlement conference was scheduled for 2:00 p.m., based upon the fact that a previously scheduled settlement conference – which defendants adjourned – was to occur at *2:00 p.m.* on February 21, 2008.

2.      I had never seen Mr. Tamoshunas' e-mail dated February 14, 2008, until he sent a copy of it to me sometime after the inadvertent non-appearance on April 3, 2008, and only *after* I asked him for a copy of it.

3.      I was surprised that the e-mail was allegedly sent to my Wotor1@aol.com account.

4.      I do not use that account for professional purposes, I do not check it regularly and I certainly did not give Mr. Tamoshunas that e-mail address.

5.      In fact, the February 14, 2008 e-mail from Mr. Tamoshunas does not appear in my "received" archive, and I doubt I ever received it.

6.      America Online has a function – which is a feature of my private account – of rejecting all e-mails that are not already in a member's electronic "address book." My firm's account, however, readily receives all e-mails, except obvious "junk" mail.

7.      I do not have Mr. Tamoshunas' e-mail address in my private electronic "address book," so there is no way his February 14, 2008 e-mail could have made it to my private e-mail archives.

8.      My firm's e-mail address is Loaww1650@aol.com. My office manager, Perthrina Pegus, has access to that account and she regularly checks it several times a day. Mr. Tamoshunas did not send his February 14, 2008 e-mail to my firm's account. Consequently, my office manager, who handles all scheduling matters, never received it, and she did not calendar the April 3, 2008 settlement conference for *10:00 a.m.*

9.      Importantly, I do not typically correspond with litigants via e-mail. I believe that attorneys are too quick to address each other informally, and to shirk professionalism when e-mail becomes a mode of communication. Indeed, Mr. Tamoshunas once told Mr. Dunlop in an e-mail to "chill," after Mr. Dunlop reasonably sought outstanding discovery material from LGF.

10.     I can only assume that Mr. Tamoshunas felt comfortable addressing Mr. Dunlop in this manner because he understood that e-mail is really an *informal* mode of

communication. I doubt that Mr. Tamoshunas would have mailed or faxed a letter to Mr. Dunlop advising him to "chill" in reply to yet another request for tardy discovery.

11.    I believe the instant miscommunication snafu supports my reluctance to correspond with litigants via e-mail. In the rare instances when opposing counsel insists on doing so, I typically demand that they at least follow up their e-mails by facsimile and/or regular mail. Mr. Tamoshunas apparently followed that procedure on important matters such as confirmation of deposition dates and the service of pleadings.

12.    However, Mr. Tamoshunas did not follow up his February 14, 2008 e-mail via regular mail and/or facsimile. Had he done so, my office manager would have read his letter, and she would have scheduled the conference for 10:00 a.m., as opposed to 2:00 p.m., on April 3, 2008.

13.    Plaintiff's non-appearance was unintentional, and efforts were made to immediately cure the non-appearance. Indeed, I telephoned the lead attorneys for LGF, for Dash and for RAFF on April 3, 2008. I apologized for the non-appearance and explained that I reasonably assumed the conference was on for 2:00 p.m.

14.    Adversary counsel graciously told me that they had even attempted to get this Honorable Court to hold the settlement conference at 2:00 p.m., but that this Honorable Court was simply unavailable for that time.

15.    Critically, I immediately initiated settlement discussions with all defendants in an effort to salvage the day.

16.    Defendants' motions for sanctions and attorneys fees, in light of an obvious and unintentional miscommunication snafu, do not augur well for settlement. Defendants are

apparently under the mistaken belief that plaintiff and his attorneys will "cry uncle,"

when and if their requests for high monetary sanctions are granted. The reverse is true.

15.    Plaintiff is in the process of responding to wasteful and mostly frivolous Motions

for Summary Judgment. Plaintiff now expects to fully litigate this case.

Dated:  Brooklyn, New York
            April 19, 2008

                                Respectfully Submitted,
                                LAW OFFICES OF AMBROSE WOTORSON

                                By: _____/s/_____
                                Ambrose W. Wotorson, Jr. (AWW-2412)
                                26 Court Street, Suite 1811
                                Brooklyn, New York 11242
                                (718) 797-4861 Telephone
                                (719) 797-4863 Facsimile