USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/08

**LAW OFFICES OF**
**AMBROSE WOTORSON**
A PROFESSIONAL CORPORATION
SUITE 1811
26 COURT STREET
BROOKLYN, N.Y. 11242
TELEPHONE: 718 797-4861
FACSIMILE: 718 797-4863

**MEMO ENDORSED**

April 22, 2008



RECEIVED
APR 2 2 2008
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

**VIA FACSIMILE (212) 805-6712**
Honorable Magistrate Judge Fox
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   Antoine Jones v. Roc-A-Fella Films, Inc., et. al.
              Docket No.: 07-Cv-3648

Dear Honorable Magistrate Fox:

     We write to inform the Court of plaintiff's intention to withdraw his Rule 37 Motion to Compel the production of documents against defendants Damon Dash and Roc-A-Fella Films in the above styled action.

Steve Wagener, Esq., an attorney for both Mr. Dash and Roc-A-Fella Films, has orally represented to me that defendants have disclosed and produced all documents in their possession, custody and control. Mr. Wagner further represented that defendants went as far as contacting their prior attorneys to make sure that they have, in fact, fully responded to all of plaintiff's document demands. Mr. Wagner further assured us that all documents that defendants Dash and Roc-A-Fella Films have produced were intended to respond to all of plaintiff's document demands, and without any objections to those demands.

Lions Gate Films, however, does not deny that there are other documents in its possession, custody and control which evince the total international DVD sales and rentals of State Property I. In fact, one of LGF's attorney's, Mark Tamoshunas, orally represented to me that these documents were too voluminous and cumbersome to disclose. He represented that a $226,844 figure that is reflected on a previously disclosed document, is based upon a "summary" of the total DVD sales and rentals of State Property I.

We are skeptical that State Property I earned only $226,844 in international sales and rentals. Indeed, the undersigned and co-counsel, Victor Dunlop, have spent a considerable amount of time living outside of the United States, and we are well aware, based upon our own experiences, that African-American culture generally, and Hip-Hop culture, in particular, is very popular in Europe, Japan and West Africa. It simply strains credulity that State Property I only earned $226,844 internationally.

1

In any event, we have no way of assessing defendants' claim that documents which show that defendant only earned $226,844 in international DVD sales and rentals are too voluminous and cumbersome to disclose. Therefore, we still have a dispute over these documents, and we respectfully request that the Court intervene with respect to LGF's discovery obligations to disclose documents which evince the total international sales and rentals of State Property I[1].

Respectfully,

Ambrose W. Wotorson, Jr.

cc: Victor A. Dunlop, Esq.
    Tom Ferber, Esq.
    Steve Wagner, Esq.

4/22/08

Based on the footnote below, it appears that Court intervention is unnecessary, since the defendant Lion Gate Films has indicated it will make the disclosure the plaintiff seeks. Accordingly, the instant application is denied.

SO ORDERED:

KEVIN NATHANIEL FOX, U.S.M.J.

---

[1] While the parties appear to be at an impasse over this issue, Mark Tamoshunas offered that defendant would disclose further information to plaintiff to demonstrate that defendant only earned $226,844 in international DVD sales and rentals, and to demonstrate why producing the additional documents showing that defendant only earned $226,844 would be burdensome.

2