Tom J. Ferber
(tferber@pryorcashman.com)
Mark A. Tamoshunas
(mtamoshunas@pryorcashman.com)
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Defendant Lions Gate Films, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTONNE M. JONES                                   :
                              Plaintiff,    :    07 Civ. 3648 (KNF)

    -against-                                          :

ROC-A-FELLA FILMS, INC., LIONS GATE       :
FILMS, INC., and DAMON DASH                  :

                             Defendants.   :
------------------------------------------------------------------X

## REPLY DECLARATION OF TOM J. FERBER IN FURTHER SUPPORT OF DEFENDANT LIONS GATE FILMS, INC.'S MOTION FOR SUMMARY JUDGMENT

TOM J. FERBER declares as follows:

    1.    I am a member of Pryor Cashman LLP, attorneys for Defendants Lions Gate Films, Inc. ("Lions Gate" or "Defendant"). I submit this reply declaration in further support of Lions Gate's motion for summary judgment dismissing the Complaint of Plaintiff Antonne M. Jones ("Plaintiff"). I am personally familiar with the matters hereinafter set forth.

    2.    In his Complaint, Plaintiff listed 20 alleged similarities between his book, "The Family," and Defendants' film, *State Property*. As set forth in Defendant's moving brief, the Second Circuit has held such lists are inherently unreliable, particularly when they emphasize random

similarities scattered throughout the works. (Moving Br. p. 9). Here, not only has Plaintiff taken random elements and events from the two works out of context, but he has attempted to create a misleading impression of parallel expression by utilizing parallel language to describe elements which are actually dissimilar in expression. Accordingly, Lions Gate respectfully refers the Court to the two works that are before it and which were attached as Exhibits F and G to my moving declaration.

3.   For the Court's convenience and reference, however, attached hereto as Exhibit Y is a chart which lists each of the points of similarity alleged by Plaintiff, together with Lions Gate's corresponding response, which reveals the specious nature of each of Plaintiff's points.[1] Plaintiff's list is taken from his response to Interrogatory No. 4 of Lions Gate's Second Set of Interrogatories (Exhibit P to my moving declaration) which asked that Plaintiff:

> List each and every element within State Property and/or State Property 2 which you contend is substantially similar to The Family or The Family II, identifying the corresponding portion of The Family or The Family II, and describing why each such element is contended to be substantially similar.

As Plaintiff's list merely set forth the same similarities alleged in the Complaint, a reference to the corresponding paragraphs in the Complaint is listed as well. The factual basis for Lions Gate's responses relating to the Philadelphia based drug gang upon which *State Property* was based, the Junior Black Mafia, or JBM, can be found in Exhibits M, N, O, Q and X to my moving declaration. Similarly, relevant excerpts of the films referred to in the accompanying chart have already been submitted as Exhibit U, with the entirety of *State Property* and *New Jack City* submitted as Exhibits G and W to my moving declaration.

4.   The hiring of Dr. Vianello, Plaintiff's expert, was apparently coordinated between Plaintiff's counsel, Victor Dunlop, and Mark Silver, the Client Manager of IMS Expert Services, an expert referral firm. Annexed hereto as Exhibit Z is a true and correct copy of an email, dated

---

[1] The designation of exhibits continues alphabetically from the last exhibit in my moving declaration.

February 4, 2008, from Mark Silver to Victor Dunlop, establishing that Plaintiff had provided Mr. Silver with a copy of his Complaint. (Exh. Z at p. 1).

5.  Annexed hereto as Exhibit AA is a true and correct copy of a letter, dated March 5, 2008 from Mr. Dunlop to Dr. Vianello requesting that Dr. Vianello supply Mr. Dunlop with, *inter alia*, "a list of matters in which you have given testimony, under oath, as an expert witness in the last four years." (Exh. AA at p. 1). Annexed hereto as Exhibit BB is a true and correct copy of Dr. Vianello's resume provided in response to this letter which lists the cases in which he has provided his professional services. Absent from that list is the case <u>Identity Arts v. Best Buy Enterprise Servs. Inc.</u>, No. C 05-4656 (PJH), 2006 U.S. Dist. LEXIS 24803, at *18 (N.D. Cal. Feb. 10, 2006), referenced in the accompanying memorandum of law. (Exh. BB at pp. 5-6).

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 30, 2008

_____
TOM J. FERBER

3